[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15164
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00047-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRAIG LOWELL HARRIS,
a.k.a. Bronco,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 30, 2010)

Before BLACK, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Craig Lowell Harris appeals the district court's denial of his motion to

withdraw his guilty plea.[1] He pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(iii), and (b)(1)(A)(ii), and one count of possession with intent to distribute crack cocaine.[2] The record supports the district court's conclusion that Harris failed to show a fair and just reason why he should have been allowed to withdraw his plea, and thus we affirm.

I.

Prior to his arrest, Harris was a confidential informant ("CI") for law enforcement officers investigating a local crack cocaine operation. Law enforcement officers contend that Harris engaged in a drug transaction without their knowledge or consent, in violation of the CI agreement. His fiancé, who was also a CI, claimed she told law enforcement officers about the transaction. Harris claims the officers "railroaded" him because they knew about the transaction but arrested him for both the transaction and his role in a crack cocaine operation from

---

[1]Harris's notice of appeal states that he also appeals his judgment, conviction, and sentence. In his brief, Harris only addresses whether the motion to withdraw was improperly denied. We see no plain error in the conviction or sentence, and thus affirm both. See Fed. R. Crim. P. 52(b).

[2]While Harris pleaded guilty to both Count One (the conspiracy count) and Count Five of the Indictment (possession with intent to distribute crack cocaine), the government dismissed the possession count and Harris was sentenced on the conspiracy count alone.

a time prior to his becoming a CI.

Soon after Harris was indicted, the government filed an information pursuant to 21 U.S.C. § 851 indicating its intention to pursue an enhanced penalty based on Harris's prior felony drug conviction. After his arrest, but before he entered his change of plea to guilty, the government withdrew the information. While the transcript of the plea hearing includes a discussion about the withdrawal of the § 851 information, the record does not clearly demonstrate that Harris understood the significance of this at the time of his guilty plea. In any event, Harris signed a plea agreement and the district court accepted his guilty plea. Thirteen days later, Harris wrote the district court that he wished to withdraw his plea because he had been misled and coerced by law enforcement officers and his attorney. The district court returned the letter because Harris was still represented by counsel.

At sentencing, Harris's counsel notified the district court that Harris wished to withdraw his guilty plea based on ineffective assistance of counsel. The district court appointed new counsel and Harris reasserted his motion to withdraw his guilty plea. After an evidentiary hearing, the district court denied Harris's motion. Harris continues to assert that he was coerced into pleading guilty and argues that the district court erred in refusing to allow him to withdraw his guilty plea. He further contends that his learning disability and limited education prevented him

3

from understanding the district court's explanation of the charges and sentence facing him. His brief includes the argument that he may not have been aware at the plea hearing that the § 851 enhancement had been withdrawn.

II.

We review a district court's denial of a request to withdraw a guilty plea for abuse of discretion. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006). "There is no abuse of discretion unless the denial is arbitrary or unreasonable." Id. (internal quotation marks omitted).

Under Federal Rule of Criminal Procedure 11(d)(2)(B), courts should grant a defendant's motion to withdraw a guilty plea before sentencing if the defendant shows "a fair and just reason for requesting the withdrawal." The "good faith, credibility and weight" of the defendant's claims are for the district court to decide. United States v. Buckles, 843 F.2d 469, 471–72 (11th Cir. 1988). The district court may rely on the "totality of the circumstances" to govern its decision, evaluating "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Brehm, 442 F.3d at 1298 (internal quotation marks omitted). This case is resolved on the first two factors, and thus we need not

4

give considerable weight to the remaining two factors. See United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987).

The record supports the conclusion that Harris had close assistance of counsel when he entered his plea. At his plea hearing, Harris told the district court that he and his attorney went over the plea agreement several times, that his attorney read the documents to him verbatim, and that his attorney was available and did answer his questions about the agreement. Harris also told the court he was satisfied with his attorney's representation. Because Harris cannot demonstrate any reason to doubt the veracity of his testimony at the plea hearing, see United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988), we conclude that the first factor has been met.

Next, we consider whether the plea was entered knowingly and voluntarily. Brehm, 442 F.3d at 1298. Before accepting a guilty plea, the district court must ensure that the "core concerns" of Rule 11 are satisfied: (1) that the plea is not coerced; (2) that the defendant understands the charges against him; and (3) that the defendant understands the consequences of pleading guilty. United States v. Lejarde-Rada, 319 F.3d 1288, 1289 (11th Cir. 2003).

We must be satisfied that Harris's plea was entered knowingly. Harris testified at the hearing on his motion to withdraw his guilty plea that he has a

learning disability and limited education, was a long-term drug addict, and needs more time to process information.[3] He claims that after the plea hearing, he had time to think about what the district court had said and realized that the government's case was weak. Notwithstanding Harris's stated limitations, the district court referred to the numerous opportunities it had to observe Harris's behavior and communication in the courtroom, as well as Harris's written correspondence to the court. The district court found that these things belied Harris's claim that he lacked comprehension of the plea agreement. The evidence, including Harris's own testimony that his attorney discussed the plea agreement at length with him and answered all of his questions, supports the district court's conclusion that Harris knowingly entered his plea. We accept the district court's finding that Harris's testimony about not understanding the plea agreement is not credible.[4] See United States v. White, 593 F.3d 1199, 1202 (11th Cir. 2010).

Harris also suggests he may not have known the enhancement for his prior

---

[3]Harris completed school through the ninth grade, and was in a learning disabled curriculum while in public school. He says he "was just a little slow at understanding what [he] was reading," but that he does "read and understand what parts [he] enjoy[s]."

[4]Harris also claims that his decision to change his plea was relatively immediate, given that he wrote the district court asking to withdraw his plea only thirteen days after he entered the plea and that he showed some hesitation at the plea hearing. While the length of time that lapses between the guilty plea and the motion to withdraw it is relevant, see Buckles, 843 F.2d at 473, the district court credited this "change of heart" to Harris's anger because his attorney failed to attend a post-plea debriefing rather than to any genuine regret Harris had regarding his plea.

6

felony conviction had been withdrawn when the plea hearing was conducted. He claims that immediately after his arrest (when the § 851 enhancement was still in place), officers told him that unless he cooperated, he would receive life in prison. His fear at the plea hearing of receiving a mandatory life sentence is demonstrated by the record. If his decision to plead guilty was driven by an erroneous belief that he faced a mandatory life sentence if he went to trial, we might have pause to question whether Harris knew and understood his options.

However, at the plea hearing, the district court went to great lengths to explain that Harris was not facing a mandatory sentence of life imprisonment, but rather only the possibility of a life sentence. The district judge told Harris specifically that the government's enhancement for the prior felony conviction had been withdrawn. Harris still maintained that he wanted to plead guilty. In denying Harris's motion to withdraw his guilty plea, the district court concluded that any reasonable fear Harris had—based on the alleged officer threats—that he faced a mandatory life sentence if he went to trial was dispelled by the court's lengthy discussion of his likely sentence at the plea hearing. We agree. Harris does not now allege that he actually believed he was facing a mandatory life sentence if he went to trial, but merely claims that he "may not have been aware of the enhancement's having been removed prior to being informed of that fact during the

hearing." Harris has not met his heavy burden of demonstrating that his prior sworn statements—that he understood both the charges and the possible sentence he faced—were not true. See Rogers, 848 F.2d at 168. He has not "pointed us to any factual allegation which supports the contention that [he] misapprehended the comprehension and scope of the plea agreement." Gonzalez-Mercado, 808 F.2d at 800 n.8.

We must also inquire as to whether Harris's plea was entered voluntarily. At his original plea hearing, the district court asked Harris whether anyone had threatened or pressured him to sign the plea agreement. He said he was told he was facing a life sentence if he did not sign the agreement. He also claims officers promised him immunity if he agreed to serve as a CI. However, the government offered evidence to rebut this claim: the officers who were alleged to have promised immunity testified that no such deal was made; Harris's prior attorney testified that Harris repeatedly told him he had not been promised immunity; and the CI agreement contained no indication of an immunity deal. The district court was within its discretion to discredit Harris's testimony and to credit the other evidence.

Harris claims his prior attorney coerced him into pleading guilty by cussing and yelling at him and calling him a liar. However, Harris's attorney testified that

8

he imposed no such pressure on Harris. The district court was able to make its own observations of Harris's demeanor and interactions with his attorney at the plea hearing, which suggested no sign of coercion. We find no evidence in the record other than Harris's own testimony, not credited by the district court, that his attorney or anyone else coerced Harris into pleading guilty.

### III.

Because we conclude that Harris had close assistance of counsel at the time he entered his plea, and that his guilty plea was entered knowingly and voluntarily, we need not consider the conservation of judicial resources or prejudice to the government. See Gonzalez-Mercado, 808 F.2d at 801. Based on the totality of the circumstances, we conclude that the district court did not abuse its discretion in finding that Harris failed to present a fair or just reason for withdrawing his guilty plea. We **AFFIRM.**