UNITED STATES of America,
Plaintiff-Appellee,

v.

Orlando Jairo GONZALEZ–MERCADO,
Defendant-Appellant.

No. 85–5511.

United States Court of Appeals,
Eleventh Circuit.

Jan. 26, 1987.

Kathy Hamilton, Coral Gables, Fla., for defendant-appellant.

Leon Kellner, U.S. Atty., Amelia Gomez, David O. Leiwant, Linda Collins-Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before FAY and JOHNSON, Circuit Judges, and HOFFMAN *, Senior District Judge.

WALTER E. HOFFMAN, Senior District Judge:

This is an appeal from the district court's refusal to allow defendant to withdraw his guilty plea. We affirm.

**Background**

Appellant, a Columbian citizen, and his ten co-defendants were crew members aboard the motor vessel BULL SAILOR, a vessel on the high seas and subject to

---

* Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

jurisdiction of the United States. The Coast Guard stopped, boarded and extensively searched the vessel twice within a 72-hour period and, during the second detention, discovered a quantity of marijuana secreted in a hidden compartment of the vessel. As a result of the Coast Guard search, appellant was arrested on March 17, 1984, and subsequently indicted on two counts along with the ten other co-defendants. The appellant has been incarcerated since March 28, 1984.

Count I charged that appellant conspired to commit an offense against the United States in violation of 21 U.S.C. § 955a(a) and that appellant conspired with intent to distribute a controlled substance in violation of 21 U.S.C. § 955c. Count II further charges that defendant possessed with intent to distribute a controlled substance in violation of 21 U.S.C. § 955a(a) and 18 U.S.C. § 2.

Appellant pled not guilty to both charges before a United States Magistrate on April 27, 1984. Trial date was repeatedly postponed and it became evident that a convenient trial date would not become available until early 1985.[1]

During the fall of 1984 the government approached counsel for all defendants in an effort to reach a plea agreement. The essence of the government's offer was to drop Count I and recommend a sentence reduced to time served if defendants would plead guilty to Count II. Counsel for the defendants expressed some apprehension with respect to the particulars of the agreement. Counsel for the defendants desired that the plea agreement incorporate a provision under Fed.R.Crim.P. 11(e)(1)(C) ("type C agreement"), which permits a defendant to withdraw a guilty plea should the court exceed the sentence recommended by the government; however, the Assistant United States Attorney informed counsel that only plea agreements under Fed.R.Crim.P. 11(e)(1)(B) ("type B agreement"), were acceptable. Under a type B agreement, the government will "make a recommendation, or agree not to oppose the defendant's request for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court." Counsel for the defendants indicated a reluctance to accede to a type B agreement unless there was some indication that the court would be amenable to the plea to time served.

■ On November 8, 1984, defendants through their counsel, appeared before the court to announce the plea change.[2] Apparently during the appearance, a United States Probation Officer, assigned to the proceedings, met with Judge C. Clyde Atkins to discuss the preparation of the presentence investigations (PSI). Upon emerging from the court's chambers, the probation officer informed counsel that the court would consider a recommendation of a plea to time served only for those defendants without prior criminal convictions.[3] However, as to those defendants with prior convictions, the probation officer indicated that the court would accept a plea with a recommendation of a sentence of 18 months.[4] Counsel for the appellant discussed with the appellant that he fell into this latter group having been previously convicted, and that a cap of eighteen months would be recommended but was

1. No issue under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* is presented in this case.

2. Unfortunately, the appearance before the court to announce the change in plea was not recorded by a court reporter and is therefore not part of the record.

3. While the court should freely consult with the probation officer in determining the availability of pre-sentence investigations, no probation officer, law clerk or other purported agent of the court should ever comment as to the court's reception of plea agreements. The probation officer's failure to keep his conference with the court in confidence has caused a significant expenditure of time, effort and money.

4. The probation officer's recollection was "[W]hen I spoke with the attorneys, I said that the Court would accept a sentence of eighteen months, but that I would never say that you (the court) were bound by it." R.Vol. 2, p. 4. The probation officer's statement is more noteworthy for what it does not state, than for what it does.

not binding on the court. Counsel for all defendants expressed the desire to waive the PSI at that time, if the court would take the plea and proceed to sentencing. The court rejected this request and indicated that the PSI of each defendant would be reviewed prior to sentencing.

The defendants, with counsel present, appeared before the court on December 14, 1984, to enter the change of plea. The court engaged in a comprehensive Rule 11 colloquy. The appellant responded that he waived the rights assured by a trial by jury, had discussed this waiver with his attorney, and understood the nature of the charge against him and the maximum sentence the court could impose upon him according to law. The appellant further indicated that the plea agreement had been translated and that he understood it, that by pleading guilty he admitted the charges, that the court could impose any sentence authorized by law, that the plea could not be withdrawn solely because of the sentence imposed, and that no other agreement between the parties existed. Supp.R., Vol. 1, pp. 16–28. Nothing was mentioned during the entry of the plea of guilty and subsequent inquiry under Rule 11 as to the prior comments of the probation officer. After accepting the guilty pleas of all of the defendants, the court set sentencing for those defendants with no prior convictions for January 3, 1985, which date was apparently later changed to January 9, 1985. Sentencing for those defendants with prior convictions was set for January 10, 1985.

On January 10, 1985, appellant appeared before the court for sentencing with the other co-defendants with prior convictions.[5] Because of the confusion initiated by the probation officer's comments, counsel for the appellant moved to withdraw his guilty plea. In spite of the written plea agreement and the exchange during the Rule 11 colloquy, counsel for the appellant noted that the appellant maintained his innocence to her. Counsel for appellant also indicated that the confusion arose because it was the understanding of counsel that, while the agreement did not have a binding clause, the court would accept the cap of eighteen months for those co-defendants with previous convictions. This understanding came not from the court, but indirectly from the probation officer. R.Vol. 2, pp. 3–7. The court indicated that there was a clear misunderstanding, because the court cannot engage in the plea negotiations. Furthermore, the court stated that it made no indication as to imposition of a specific sentence of any defendant and that the written plea agreement signed by appellant and his counsel, contained a provision that "the Court can impose any sentence authorized by law." R.Vol. 2, p. 3. The court reserved judgment on the motion and requested supporting memoranda.

On May 28, 1985, the court denied the motion stating that it was "within the sound discretion of the district and will be reversed only for abuse of discretion. *U.S. v. Rodriguez-DeMaya,* 674 F.2d 1122 (5th Cir.1982)." R.Vol. 1, Item 76, p. 1. This case is now before this Court on the question of whether the district court abused its discretion in denying the motion to withdraw.

**Discussion**

This case presents a novel question in a familiar setting. The courts have frequently considered appropriate circumstances which permit withdrawal of a plea under Fed.R.Crim.P. 32(d). When a defendant moves to withdraw a guilty plea prior to imposition of a sentence, Rule 32(d) provides that "the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." In determining whether the defendant has

5. On January 9, 1985, the defendants without prior convictions appeared before the court for sentencing. The court sentenced these defendants to 18 months imprisonment and a two-year special parole term. The appellant does not state the court's disregard for the plea agreement by exceeding the recommended sentence to those defendants without prior convictions as a reason for moving to withdraw the guilty plea; however, we feel free to consider any reasonable inference from the sequence of events.

demonstrated a fair and just reason, the court may consider the totality of the circumstances. *United States v. Morrow*, 537 F.2d 120, 146 (5th Cir.1976), *cert. denied*, 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977). This circuit has chosen to rely on the permissive language of Rule 32(d) and affirm the trial judge "unless the denial of appellant's motion amounts to an abuse of discretion...." *United States v. Stitzer*, 785 F.2d 1506, 1514 (11th Cir.1986), *cert. denied*, — U.S. ——, 107 S.Ct. 93, 93 L.Ed.2d 44 (1986). In *Stitzer*, the court states that based on the previous Fifth Circuit decision in *United States v. Pressley*, 602 F.2d 709, 711 (5th Cir.1979), assessment of the providence of the trial court's refusal to permit withdrawal may be determined by "(1) whether close assistance of counsel was available; (2) whether the original plea was knowing and voluntary; and (3) whether judicial resources would be conserved." We therefore evaluate the district court's refusal to permit withdrawal based on the *Pressley* factors.[6]

In proceedings before this court, the appellant was individually represented by court-appointed counsel. The appellant conferred directly with his counsel for 8.8 hours. The appellant's counsel spent over 30 additional hours, exclusive of travel time, in preparation and appearances in this case. R.Vol. 1, Item 85, pp. 1–5. Under these circumstances and in the absence of any suggestion that the appellant was less than aptly represented, we are left to conclude that the appellant received close assistance of counsel.

Under the particular facts of this case, determination of whether the appellant's plea was knowingly and voluntarily proffered deserves considerable attention. While the appellant offers several reasons supporting withdrawal of the plea, the focal question is whether the appellant entered the plea agreement under the mistaken impression that he would receive an 18-month sentence and whether the mistaken belief was reasonable based on the probation officer's comments. Whether the belief was mistaken must be considered in light of the appellant's questionable competence, given his limited education and his lack of familiarity with the English language. However, at all times an interpreter was provided.

On December 14, 1984, with an interpreter present and duly sworn, the district court thoroughly engaged in the Rule 11 colloquy with the appellant. At this time, the court made it abundantly clear and the appellant indicated that he understood that the court was not bound by the plea agreement and could impose any sentence allowable by law.[7] The appellant has never testified as to his understanding of the agreement. To the extent that the appellant did not understand or failed to note his misunderstanding, the district court cannot speculate, but rather must rely solely on the appellant's sworn statement that he committed the alleged

6. Our consideration might be otherwise governed had it not been for the amendments to Rule 32(d) effective August 1, 1983. The amendment rejects the approach taken by the Fourth Circuit in *United States v. Savage*, 561 F.2d 554 (4th Cir.1977), which allowed for the withdrawal of a plea unless the government could demonstrate some prejudice. The Notes of Advisory Committee on Rules to the 1983 amendments, Fed.R.Crim.P. 32(d), 18 U.S.C.A. at 7 (hereinafter "notes"), state:

> Rule 11 now provides for the placing of plea agreements on the record, for full inquiry into the voluntariness of the plea, for detailed advise to the defendant concerning his rights and the consequences of his plea and a determination that the defendant understands these matters, and for a determination of the accuracy of the plea. Given the great care with which pleas are taken under this revised Rule 11 there is no reason to view pleas so taken as merely "tentative," subject to withdrawal before sentence whenever the government cannot establish prejudice.

7. On December 14, 1984, the appellant also signed the written plea agreement. The signed plea agreement is further evidence supporting the argument that the appellant understood that the court was not bound by the agreement. In relevant part, the agreement states:

> The parties understand and agree that the Court may impose any sentence authorized by law and that the defendants may not withdraw their pleas solely as a result of the sentence imposed.

R.Vol. 1, Item 54, p. 2.

offense, understood the possible consequences of his guilty plea, and waived his right to trial.[8] The appellant did not speak English. Additionally, the probation officer made his ill-fated comments to counsel and not the co-defendants themselves. Therefore, any misunderstanding which the appellant might have been under must have arisen as a result of conversation with his counsel.[9] Our attention turns to the contents of the comments made by counsel to the appellant. There is no evidence in the record which intimates that counsel for the appellant did anything other than inform the appellant that while the agreement contained a recommended sentence of 18 months, the court was not bound by the agreement.[10] At oral argument, counsel for the appellant stated that she informed the appellant that the judge was likely to sentence the appellant to 18 months, but that the judge was not bound by it. From this evidence, we believe it is reasonable to conclude that the appellant had an accurate understanding of the impact and import of the plea agreement and acted with such an understanding in entering the guilty plea.

Further, it is difficult for us to conclude that appellant's counsel was so mistaken by the probation officer's comments that she would tell her client that the court was bound by the agreement.[11] The court did not directly, nor indirectly through the probation officer, engage in the plea negotiations so as to taint the entry of the plea.[12]

8. Clearly, in certain circumstances, the presumption of a knowing and voluntary plea created by proceedings pursuant to Fed.R.Crim.P. 11, "although imposing, is not insurmountable." *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) (allegation of unkept promise of a lighter sentence, not patently false or frivolous, is sufficient to support petition for habeas corpus); *Fontaine v. United States,* 411 U.S. 213, 214–15, 93 S.Ct. 1461, 1462–63, 36 L.Ed.2d 169 (1973) (charge of coerced plea, supported by factual allegation, will support a § 2255 motion). While Rule 11 is not insurmountable, there is a strong presumption that the statements made during the colloquy are true. *Downs-Morgan v. United States,* 765 F.2d 1534, 1541, n. 14 (11th Cir.1985). We do not believe that the appellant has pointed us to any factual allegation which supports the contention that the appellant misapprehended the comprehension and scope of the plea agreement.

9. We do not believe that analogy to *United States v. Marzgliano,* 588 F.2d 395 (3d Cir.1978), is particularly compelling. In *Marzgliano,* the court remanded the denial of the appellant's § 2255 motion for an evidentiary hearing based on the appellant's allegations, supported by affidavit, that his attorney had promised him a specific sentence if he pled guilty.

10. Unless there is evidence in the record which indicates that the attorney created a false impression of the binding nature of the plea agreement, a court must reasonably rely on the Rule 11 colloquy and the signed plea agreement for the proposition that the defendant understood the agreement was non-binding. Certainly, we realize that a defendant would ask his attorney how he believed the judge was likely to rule. A defendant's unexpressed reliance on his attorney's speculation cannot overcome his direct responses that the agreement was non-binding. *See United States v. Stitzer,* 785 F.2d 1506, 1513 (11th Cir.1986) ("[t]o allow [appellant] to replead on the ground that the trial court did not sufficiently 'thresh out' the possibility that his plea was coerced would be to elevate form over substance, contrary to the spirit of Rule 11.").

11. Not only did the plea agreement itself state that the court was not bound by the plea agreement's recommendation of a cap of 18 months, but counsel for the appellant, in oral argument, clearly acknowledged that type C agreements were not permitted in the Southern District of Florida and that only type B, non-binding agreements were acceptable.

12. The appellant does not contend that the district court itself engaged in the plea agreement negotiations. On oral argument, it also became apparent that counsel for the appellant understood that the district court would not indicate its amenability to adhere to a particular recommended plea agreement. The following exchange is demonstrative of the understanding of counsel for the appellant:

THE COURT: As a matter of fact, Mrs. Hamilton, there is no question in your mind is there, that all of the attorneys know that no federal district judge in the southern district of Florida is going to make any prior commitment as to a recommendation being made by attorneys on a guilty plea?

COUNSEL FOR APPELLANT: That is true your honor, but . . .

THE COURT: It is a very rigid practice that has been going on for years in the southern district of Florida.

We do not find this case analogous to *United States v. Adams,* 634 F.2d 830 (5th Cir.1981), in which the court directly engaged in plea negotiations. While the probation officer should not have commented about the court's statement to

Therefore, while the district court unfortunately did not state its reasoning for denying the withdrawal, there is sufficient evidence in the record to support a finding that the appellant's plea was knowing and voluntary.[13]

Because the appellant received close and adequate assistance of counsel and entered his plea knowingly and voluntarily, we conclude that the district court did not abuse its discretion. In making this determination we do not give the third factor under the *Pressley* analysis (i.e., whether or not judicial resources are conserved), considerable weight. Nor do we give particular attention to the possibility of prejudice to the government caused by the withdrawal of the plea. *See* n. 6 and 14.

The timing of the appellant's motion to withdraw also deserves our consideration. In *United States v. Barker*, 514 F.2d 208, 222 (D.C.Cir.1975) (en banc), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975), the court noted that the time between entry of the plea and motion to withdraw the plea may be indicative of defendant's motivation. *See also, United States v. Carr*, 740 F.2d 339, 394 (5th Cir. 1984), *cert. denied*, 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985). The court in *Barker*, 514 F.2d at 222, stated, "A swift change of heart is itself strong indication that the plea was entered in haste and confusion...." This swift change is not present here. Additionally, the fact that the appellant's motion to withdraw fell on the heels of imposition of stricter sentences than those recommended in the plea agreement for those defendants without prior convictions, suggests that the appellant withdrew his plea in anticipation of a harsher sanction than that recommended in his plea agreement. In *United States v. Simmons*, 497 F.2d 177, 179 (5th Cir.1974), *cert. denied*, 419 U.S. 1048, 95 S.Ct. 623, 42 L.Ed.2d 643 (1974), *reh'g denied*, 420 U.S. 913, 95 S.Ct. 837, 42 L.Ed.2d 844 (1975), the court stated, "To have granted the motion under these circumstances would have been to permit appellant to use the guilty plea as a means of testing the weight of the potential sentence—a primary ground for denying plea changes."[14] We believe that the appellant should not be allowed to circumvent the finality of Rule 11 under these circumstances and perceive that the motion to withdraw was triggered by dissatisfaction with the sentencing of those without prior convictions.

For the foregoing reasons, we believe that the district court did not abuse its discretion in refusing to permit the appellant to withdraw the plea.

AFFIRMED.

him under any circumstances, his action has not created an appearance of impropriety from which one could conclude that the district court engaged in the plea negotiations.

13. This case is distinguishable from *United States v. Pressley*, 602 F.2d 709 (5th Cir.1979), in which the court was forced to remand the case because the record was insufficient to ascertain whether the district court abused its discretion. In *Pressley*, the record was not clear as to whether the defendant misunderstood the terms of the plea agreement. The court could not comfortably conclude, based on statements made by the defendant, that the defendant knowingly entered his guilty plea under the agreement. We are not presented with any evidence, whether by affidavit or otherwise, which suggests that the defendant was mistaken as to the terms of the agreement, thereby precluding a knowing waiver of his rights.

14. The notes to the 1983 Amendment to Rule 32(d) are again helpful. (See note 6, supra). The amendments rejected the approach taken by the Fourth Circuit in *United States v. Savage*, 561 F.2d 554 (4th Cir.1977). The notes state:

> Having bargained for a recommendation pursuant to Rule 11(e)(1)(B), the defendant should not be entitled, in effect, to unilaterally convert the plea agreement into a Rule 11(e)(1)(C) type of agreement (i.e., one with a guarantee of a specific sentence which, if not given, permits withdrawal of the plea).