[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 17, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16357
Non-Argument Calendar
_____

D. C. Docket No. 06-00292-CR-2-JHH-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY BRUCE RODGERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(July 17, 2007)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

On September 5, 2006, appellant, represented by retained counsel, pled

guilty to possession of a firearm, a Bryco Arms .380 caliber pistol, in and affecting commerce, after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). In pleading guilty, appellant admitted the following: on the date of the offense, January 7, 2006, a Birmingham police officer, while conducting a search incident to appellant's arrest on a felony warrant for possession of marijuana, first degree, in violation of Alabama law, recovered a Bryco Arms .380 caliber pistol from a holster in the waistband of his pants. The pistol was loaded with seven rounds of ammunition. Appellant told the officer that the firearm belonged to the owner of a convenience store who loaned him the gun. He also admitted that on September 30, 2004, he had been convicted of unlawful possession of marijuana, first degree, in the Circuit Court of Jefferson County, Alabama.

Three days after entering this guilty plea, appellant sent the district court a letter indicating that he had discharged his attorney and requesting the court to appoint substitute counsel to represent him. On September 12, 2006, the court entered an order denying his request, but granting him leave to retain substitute counsel. On October 10, 2006, a newly retained attorney filed an appearance in the case. The court thereafter scheduled the sentencing hearing for December 1, 2006.

On November 30, one day before sentencing was to take place, appellant, through his newly retained counsel, moved the district court to withdraw his plea

of guilty, stating that he had a "viable defense," that the gun at issue did not belong to him, and that his underlying felony conviction should have been charged as a misdemeanor. The district court addressed the motion the next day, prior to convening the sentencing hearing. In arguing the motion, appellant's attorney admitted that the instant offense was "not [appellant's] first rodeo" and advised the court that appellant was facing "two pending marijuana cases in the Bessemer Division" of the Jefferson County Circuit Court. The court denied the motion, and at the conclusion of the sentencing hearing, sentenced appellant to a prison term of 48 months.[1] He now appeals his conviction, contending that the district court abused its discretion in denying his motion.

Federal Rule of Criminal Procedure 11 provides that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea but before it imposes sentence if. . .the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). When deciding whether to grant a motion to withdraw a guilty plea, "the district court may consider the totality of the circumstances surrounding the plea. . .includ[ing] (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government

---

[1] The sentence range prescribed by the Guidelines called for a prison sentence of between 41 and 51 months.

would be prejudiced if the defendant were allowed to withdraw his plea." United States v. Buckles, 843 F.2d 563, 471-72 (11th Cir. 1998) (internal citations omitted).   In reviewing a district court's refusal to permit the withdrawal of a guilty plea, we defer to the court's application of these criteria and "will reverse only if its ultimate conclusion is 'arbitrary or unreasonable.'" Id. (citations omitted).  If a defendant does not satisfy the first two prongs of the analysis, we do not give considerable weight to the last two prongs. United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987).  The timing of the motion to withdraw – here on the eve of sentencing – is relevant as it may be indicative of the defendant's motivation. Id.

Appellant has not shown that Buckles's four-part test supports his position. As the district court properly found, appellant had close assistance of counsel before pleading guilty, and the plea was knowing and voluntary.  In short, the district court did not abuse its discretion in denying appellant's motion to withdraw his plea of guilty.

AFFIRMED.