[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14429
Non-Argument Calendar

_____

D. C. Docket No. 05-00033-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK KIRKSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 18, 2008)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Mark Kirksey pled guilty to conspiring to

manufacture, distribute, and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. The plea agreement contained the following provision:

> If, in the sole discretion of the United States Attorney, Mark Kirksey is deemed to have provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, if Mark Kirksey has otherwise complied with all terms of this agreement, and if this assistance is prior to sentencing . . . then the United States Attorney will file a substantial assistance motion. Determination whether the defendant has provided substantial assistance will not depend on charges being filed or convictions being obtained as a result of defendant's cooperation.

In entertaining Kirksey's guilty plea, the district court informed Kirksey that the charge carried a mandatory sentence of life imprisonment, explained that the Government, in its discretion, could move the court to impose a lesser sentence, and asked him if he understood this. Kirksey said that he did. In addition, both he and his attorney assured the court that no promises other than those contained in the plea agreement had been made by the Government or anyone else.

At a hearing held to select a date for sentencing, the prosecutor stated that the Government did not intend to file a substantial assistance motion at sentencing. Six days later, Kirksey moved the court for leave to withdraw his guilty plea. He asserted that his plea had been based on his understanding that the Government would file a substantial assistance motion at sentencing and that "his counsel and

the Government had reached a plea deal whereby [he] would receive a 'substantial assistance' sentencing reduction in exchange for his prior assistance, as well as his plea of guilty."

The district court held a hearing on the motion to withdraw at which Kirksey and his lawyer testified.[1]  After considering this testimony and argument of counsel, the court, on September 4, 2007, entered a seven-page order denying Kirksey's motion.  Record, Vol. 1 at 292.  The court denied the motion because, as stated in the order, Kirksey had received close assistance of counsel, understood the nature of his guilty plea, and the Government never promised to file a substantial assistance motion.  Rather,  defense counsel simply told Kirksey that he, counsel, "believed that [Kirksey] had done enough to earn a 5K1" . . . but had to plead guilty to get one. Id. at 7.

At the subsequent sentencing hearing, the Government did not file a substantial assistance motion, and the district court therefore sentenced Kirksey to life imprisonment.  He now appeals, contending that the court abused its discretion in denying his motion to withdraw.

We review a district court's decision denying a motion to withdraw a guilty plea for abuse of discretion.  United States v. Brehm, 442 F.3d 1291, 1298 (11th

---

[1]  The gist of their testimony is set out in the court's seven-page order denying Kirksey's motion.  Record, Vol. 1 at 292.

Cir.), cert. denied, 127 S. Ct. 457 (2006). Prior to sentencing, a defendant may withdraw a plea of guilty if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). When deciding whether the defendant has shown a fair and just reason for withdrawal, the district court evaluates the totality of the circumstances, including: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." United States v. Buckles, 843 F.2d 469, 471-72 (11th Cir. 1988). If, as here, the defendant has not introduced evidence sufficient to carry the day on the first two of these four issues, we need not "give particular attention" to the last two. United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987).

We find no abuse of discretion in this case. As the district court properly found in its September 4, 2007 order, Kirksey pled guilty knowingly and voluntarily and with the benefit of close counsel. Moreover, he failed to establish a fair and just reason for the withdrawal.

AFFIRMED.

4