[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15000
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00144-CR-T-17-AEP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC T. SCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 5, 2010)

Before EDMONDSON, BLACK and ANDERSON, Circuit Judges.

PER CURIAM:

Eric Scott ("Defendant") appeals the district court's denial of his request to withdraw his guilty plea. Because Defendant has not demonstrated a fair or just reason why he should be permitted to withdraw his plea, we affirm.

Defendant was indicted on one count of being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1); id. § 924(e)(1). After the district court denied Defendant's motion to suppress certain evidence, he entered an unwritten guilty plea with the Magistrate Judge. The judge informed Defendant that, if the guilty plea were accepted by the district court, Defendant would no longer have the right to "freely change your mind and to withdraw [the] plea of guilty." Defendant stated that he understood, and his attorney implied that he understood the plea to contain an appeal waiver.

After the district court accepted Defendant's plea, Defendant -- represented by new counsel -- moved to withdraw the guilty plea. He contends that he mistakenly believed he had a right to appeal his denial of the motion to suppress evidence. At a hearing on his motion to withdraw the plea, he conceded that the district court accepted his plea before he moved to withdraw it, but argued that he had a mistaken belief about the content and nature of his plea and any possible

right to appeal. The government asserted that, because the plea had already been accepted and entered, Defendant should only be permitted to withdraw it for a "fair and just reason." The government also noted that Defendant had been represented by counsel and had entered a knowing and voluntary plea. Defendant's former attorney testified that he had explained to Defendant that a guilty plea would foreclose an opportunity to appeal the motion to dismiss.

The Magistrate Judge issued a Recommendation and Report that Defendant's motion to withdraw his plea be denied. The magistrate concluded that Defendant's plea was knowing, voluntary, and chosen with the close support of counsel. The magistrate also credited the testimony of Defendant's lawyer that he had explained the nature and consequences of the plea to Defendant. The magistrate finally concluded that Defendant had offered no "fair and just reason" justifying an exception to the "bright-line standard" of Federal Rule of Criminal Procedure 11. The district court accepted the report and recommendation over Defendant's objection and sentenced him to 188 months' imprisonment.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006). We accept the magistrate's factfindings unless they are clearly erroneous, and we defer to his credibility determinations unless they are not believable. United States v.

<u>Moore</u>, 525 F.3d 1033, 1040 (11th Cir. 2008) (citing <u>United States v. Ramirez-Chilel</u>, 289 F.3d 744, 749 (11th Cir. 2002)).  A district court's choice between two permissible views of the evidence cannot be clearly erroneous.  <u>N.A.A.C.P., Jacksonville Branch v. Duval County Sch.</u>, 273 F.3d 960, 965 (11th Cir. 2001).

A defendant may withdraw a guilty plea any time before it is accepted by the district court.  But after it is accepted, it may be withdrawn only for a "fair and just reason."  <u>See</u> Fed. R. Crim. P. (11)(d)(1)–(d)(2)(B).  To determine if a defendant has met this burden, the district court considers the totality of the circumstances and weighs the following factors: (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.  <u>Brehm</u>, 442 F.3d at 1298.

Defendant concedes that the district court accepted his guilty plea before he filed his motion to withdraw it.  He also concedes that the fact findings below are a "challenging hurdle," given that the Magistrate Judge based his decision, in part, on the credibility of witnesses (including Defendant and his first lawyer) who testified.

The four factors explained in <u>Brehm</u> do not weigh in favor of concluding

that there is a "fair and just" reason to allow Defendant to withdraw his plea. He was represented by counsel, with whom he had repeated discussions about his plea. When asked by the magistrate, Defendant stated in open court that he understood the nature of his plea, its consequences, and its finality. And while we give little weight to the third and fourth Brehm factors when a plea was knowingly entered with assistance of counsel, we also conclude that the adjudication of Defendant's appeal on the motion to suppress would not conserve judicial resources and might prejudice the government. See United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1988) ("Because the appellant received close and adequate assistance of counsel and entered his plea knowingly and voluntarily . . . . we do not give the [judicial resources] factor . . . considerable weight. Nor do we give particular attention to the possibility of prejudice to the government caused by the withdrawal of the plea.").

Defendant has failed to demonstrate a fair and just reason why he should be allowed to withdraw his guilty plea. And the Magistrate Judge's credibility determinations -- based upon live testimony -- are not clearly erroneous in the light of the record. Therefore, the district court's decision to accept the Magistrate Judge's recommendation was not an abuse of discretion.

AFFIRMED.