[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12442
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:10-cr-60262-WJZ-1


UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

OSCAR RUIZ-GUIFARRO,
a.k.a. Oscar Ruiz,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 9, 2012)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Oscar Antonio Ruiz-Guifarro appeals the district court's order denying his motion for extension of time to file a notice of appeal, pursuant to Federal Rule of Appellate Procedure 4(b)(4). Ruiz-Guifarro contends the district court abused its discretion when it denied his motion for extension of time because, in determining excusable neglect, it failed to apply the factors set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). He asserts he established excusable neglect under *Pioneer* based on a miscommunication in regard to his right to appeal between himself, a Spanish speaker, and his non-Spanish speaking trial counsel. After review,[1] we affirm the district court.

A criminal defendant must file a notice of appeal from the judgment of conviction within 14 days after the entry of the judgment. Fed. R. App. P. 4(b)(1)(A)(i). A district court may extend the time to file a notice of appeal up to 30 days from the expiration of the time to appeal "[u]pon a finding of excusable neglect or good cause." Fed. R. App. P. 4(b)(4).[2]

---

[1] We review a district court's order denying a Rule 4(b)(4) motion to extend the time for filing a notice of appeal for an abuse of discretion. *United States v. Frazier*, 605 F.3d 1271, 1278 (11th Cir. 2010).

[2] The "excusable neglect" standard applies in situations in which there is fault, usually occasioned by something within the movant's control. *See* Fed. R. App. P. 4, advisory committee notes (2002 Amendments) (explaining subdivision (a)(5)(A)(ii)). The "good cause" standard applies in situations in which there is no fault, namely, the need for an extension is usually occasioned by something that is not within the movant's control. *Id.*

In *Pioneer*, the Supreme Court explained the factors to consider in determining "excusable neglect" include: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. 507 U.S. at 395. The Supreme Court accorded "primary importance" to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (finding the nonmovant was not prejudiced by the movant's six-day delay).

There is a strong presumption that statements made by a defendant during the plea colloquy are true. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987). To the extent a non-English speaking defendant did not understand or failed to note his misunderstanding as to the plea agreement, "the district court cannot speculate, but rather must rely solely on the [defendant's] sworn statement that he committed the alleged offense, understood the possible consequences of his guilty plea, and waived his right to trial." *Id.* at 799-800.

In light of the record, Ruiz-Guifarro has failed to establish "excusable neglect" or "good cause" because (1) he confirmed, while under oath at the plea

3

colloquy, that he understood the court interpreter, his counsel, the indictment, the plea agreement, the factual proffer, his legal rights, and the consequences of the guilty plea; (2) the district court explicitly informed him of his right to appeal, of the 14-day deadline to file a notice of appeal, and that a Federal Defender would represent him on appeal or a court clerk could file a notice of appeal on his behalf; (3) he waited 41 days after the entry of the judgment to inform the district court of his alleged problems in understanding the circumstances of his case; and (4) the Government asserts the untimely appeal would prejudice it. Thus, the district court did not abuse its discretion in denying Ruiz-Guifarro's motion for extension of time to file a notice of appeal, and we affirm.

**AFFIRMED.**

MARTIN, Circuit Judge, concurs in result.