[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13531
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00013-HLA-JBT-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS BANDZUL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 16, 2016)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Bandzul appeals his conviction on one count of wire fraud, in

violation of 18 U.S.C. §§ 1342 and 2.  On appeal, Bandzul argues that the district court abused its discretion in denying his motion to withdraw his guilty plea.

We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion.  *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006).  The district court does not abuse its discretion unless its denial is arbitrary or unreasonable.  *Id.*  We likewise review for abuse of discretion a district court's decision about whether to hold an evidentiary hearing.  *Id.*  Further, a district court does not err in failing to hold an evidentiary hearing on a motion to withdraw a guilty plea where the court engaged in extensive Rule 11 inquiries prior to accepting the defendant's plea.  *See United States v. Stitzer*, 785 F.2d 1506, 1514 (11th Cir. 1986).

Defendants seeking to withdraw a guilty plea prior to sentencing must show that there is a fair and just reason for doing so.  Fed. R. Crim. P. 11(d)(2)(B).  Whether a defendant's motion to withdraw shows a fair and just reason is to be liberally construed; however, the decision to allow withdrawal is left to the sound discretion of the trial court, and the district court may be reversed only if its decision is arbitrary or unreasonable.  *United States v. Buckles*, 843 F.2d 460, 471 (11th Cir 1988).

In determining whether a defendant has met his burden to show a "fair and just reason" to withdraw a guilty plea, a district court may consider the totality of

2

the circumstances surrounding the plea, including whether: (1) close assistance of counsel was available, (2) the plea was knowing and voluntary, (3) judicial resources would be conserved, and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea. *Id.* at 471-72. However, the district court is not required to find prejudice to the government. *Id.* at 474. If an appellant does not satisfy the first two factors of the *Buckles* analysis, we need not "give particular attention" to the remaining factors. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987). We also have noted that "the timing of [an] appellant's motion to withdraw also deserves . . . consideration." An appellant "should not be allowed to circumvent the finality of Rule 11" when the motion to withdraw is filed because of an anticipated harsher-than-contemplated sentence. *Id.* (citations and quotations omitted).

Additionally, the "good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw a guilty plea are issues for the trial court to decide." *Brehm*, 442 F.3d at 1298 (quotation omitted). Statements made under oath by a defendant during a plea colloquy receive a strong presumption of truthfulness. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Consequently, a defendant bears a heavy burden to show that his statements under oath were false. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Here, the district court did not abuse its discretion in denying Bandzul's motion to withdraw his guilty plea. Bandzul had the close assistance of counsel prior to and during his guilty plea hearing. In his plea hearing, Bandzul stated that he had discussed his case and constitutional rights with his attorney and was satisfied with his lawyer's representation. Bandzul also stated that he had reviewed the indictment and the plea agreement with his attorney, and he understood the documents. He also had no complaints about his attorney's representation of him. There is a strong presumption that Bandzul's statements made under oath during his plea hearing were true, and he has not met his heavy burden of proving those statements false. *See Medlock*, 12 F.3d at 187; *Rogers*, 848 F.2d at 168. Bandzul also admitted to the factual allegations proffered at the plea hearing and did not raise any objection. Consequently, it was well within the district court's sound discretion to discredit Bandzul's contrary allegations in connection with his later motion to withdraw his guilty plea. *See Brehm*, 442 F.3d at 1298; *Buckles*, 843 F.2d at 471-72.

In light of the extensive Rule 11 inquiries made during the plea hearing, the district court was not required to hear Bandzul's testimony before denying his motion to withdraw his plea. Further, Bandzul moved to withdraw his plea approximately ten months after entering his plea. *See Stitzer*, 785 F.2d at 1514. As such, the district court did not err, and we affirm.

4

**AFFIRMED.**