[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14457
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00135-KD-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WESLEY BARTHOLEMEW TUBBS,
a.k.a. Wes,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 4, 2016)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Wesley Tubbs appeals his sentence of 250 months of imprisonment, which was imposed following his pleas of guilty to conspiring to possess with intent to distribute more than 1,000 kilograms of marijuana, 21 U.S.C. §§ 841(a)(1), 846, and conspiring to launder money, 18 U.S.C. § 1956(a)(1)(A)(i), (1)(B)(i), (h). Tubbs challenges the denial of his motion to withdraw his guilty plea. He also argues, for the first time, that the district court erred by enhancing his offense level for possessing a firearm. *See* United States Sentencing Guidelines Manual § 2D1.1(b)(1) (Nov. 2014). After careful review, we affirm.

Two standards of review govern this appeal. We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 798 (11th Cir. 1987). We review an argument regarding sentencing that is raised for the first time on appeal for plain error. *United States v. Cavallo*, 790 F.3d 1202, 1234 (11th Cir. 2015).

The district court did not abuse its discretion by denying Tubbs's motion to withdraw his pleas of guilty. Tubbs argues that he was entitled to withdraw his pleas because, after he pleaded guilty, the presentence investigation report provided a sentencing range of 360 months to life imprisonment, which exceeded the minimum sentencing range of 151 to 188 months provided in the probation office guideline worksheet he received after arraignment. But Tubbs ignores that the worksheet also stated he faced a potential maximum sentencing range of 360

2

months to life imprisonment and that he was notified in his plea agreement and during his plea colloquy that he could receive a maximum sentence of life imprisonment. Tubbs also was informed twice that he was not guaranteed a particular sentence: first, the plea agreement stated that it did not create any right to a particular sentence and that Tubbs would not be permitted to withdraw his pleas if the district court calculated a guideline range higher than expected or if it departed or varied from the guideline range; and second, the district court informed Tubbs during his plea colloquy that any sentence calculated by his counsel was "just an estimate." With this information in hand, the district court could have inferred that Tubbs "use[d] the guilty plea as a means of testing the weight of the potential sentence," and decided to deny his motion to withdraw as based impermissibly on his dissatisfaction with his sentence. *See Gonzalez-Mercado*, 808 F.2d at 801 (quoting *United States v. Simmons*, 497 F.2d 177, 179 (5th Cir. 1974)). The district court reasonably determined that Tubbs failed to provide a "fair and just reason for requesting the withdrawal" of his pleas. *See* Fed. R. Crim. P. 11(d)(2)(B).

The government argues that Tubbs's challenge to the calculation of his sentence is barred by his appeal waiver, but we disagree. In the plea agreement, Tubbs "reserve[d] the right to timely file a direct appeal challenging . . . any sentence which constitutes an upward departure or variance from the advisory

3

guideline range." Construing that language in Tubbs's favor, as we must, *see*

*United States v. Jefferies*, 908 F.2d 1520, 1523 (11th Cir. 1990), we conclude that

he reserved the right to appeal his 250-month sentence for his conspiracy offense.

That represented a 10-month upward variance from his 240-month statutory

minimum penalty, *see* 21 U.S.C. § 841(b)(1)(A)(vii), which was his guideline

sentence, *see* U.S.S.G. § 5G1.1(b). Tubbs's appeal waiver did not bar him from

challenging the imposition of a sentence that exceeded his guideline range.

Tubbs fails to identify how the district court erred, much less plainly erred,

in calculating his sentence. Tubbs argues that his base offense level should not

have been increased by two points for his possession of a firearm, *see id.*

§ 2D1.1(b)(1), but a review of the record reveals that the district court did not

apply that enhancement in its calculation of Tubbs's advisory guideline range. The

district court complied with the parties' agreement to calculate Tubbs's offense

level without applying the firearm enhancement. The district court applied a two-

level enhancement for laundering money, *see id.* § 2D1.1(b)(2)(B), and a four-level

enhancement for Tubbs's role as an organizer or leader, *see id.* § 3B1.1(a).

Even if we were to assume that the district court had erred in calculating

Tubbs's sentence, any error would be harmless. An error in sentencing is harmless

if the district court would have entered the same sentence without the error. *United

States v. Keene*, 470 F.3d 1347, 1348–49 (11th Cir. 2006). The district court stated,

4

during the sentencing hearing and the post-sentencing status hearing, that it would have imposed a 250-month sentence even if it had miscalculated Tubbs's sentence.

We **AFFIRM** Tubbs's convictions and sentence.