[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12099
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60318-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZACHARY CHANDLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 22, 2017)

Before JULIE CARNES, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Zachary Chandler appeals his convictions for 8 counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts 1, 3, 5, 7, 9, 11, 13, and 15), 1 count of discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 10), and 1 count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 12).  Chandler also appeals his total sentence of 480 months' imprisonment, imposed after he pled guilty, pursuant to a plea agreement, to the above 10 counts.  Chandler raises three issues on appeal, which we address in turn. After review, we affirm Chandler's convictions and total sentence.

## I. Withdrawal of Guilty Plea

Chandler asserts the district court abused its discretion in denying his motion to withdraw his guilty plea, where he had close assistance of counsel, but received incorrect advice from his attorney as to the sentence that could be imposed, and felt pressured by the impending jury panel.

A defendant may withdraw his guilty plea before sentencing if he can show a "fair and just" reason for the withdrawal.  *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006).  We determine whether the reason is fair and just by considering the totality of the circumstances surrounding the plea, specifically inquiring into whether: (1) the defendant had close assistance of counsel, (2) the

2

plea was knowing and voluntary, (3) judicial resources would be conserved, and (4) the government would be prejudiced if the withdrawal was granted. *Id.*

There is a strong presumption that the defendant's statements during the plea colloquy are true. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987). Once the court determines the defendant received close assistance of counsel and entered a knowing and voluntary plea, the third and fourth factors are not given considerable weight. *Id.* at 801.

The district court did not abuse its discretion in denying Chandler's motion to withdraw his guilty plea, especially where the court conducted lengthy and thorough Rule 11 inquiries for each of Chandler's charges before accepting his guilty plea. *See Brehm*, 442 F.3d at 1298 (reviewing a district court's denial of a motion to withdraw a guilty plea for abuse of discretion and explaining there is no abuse of discretion when the district court conducts extensive Rule 11 inquiries before accepting the guilty plea). The district court, moreover, explicitly found at the hearing on his motion to withdraw that: (1) Chandler was properly advised by his counsel and received extended time to consult with his counsel in regards to his plea; and (2) his guilty plea was knowing and voluntary, where the court at the plea colloquy asked Chandler if he had questions as to the potential minimum and maximum penalties, the court explained those potential penalties in detail, and

3

Chandler indicated that he understood those potential penalties and the consequences of his plea. *See id.*

The record also reveals Chandler conceded at his plea colloquy he understood the court's authority to impose a sentence above or below the Guidelines range, he was satisfied with his counsel's representation, and he was pleading on his own free will rather than under force or threat. Chandler's statements during the extensive colloquy are strongly presumed to be true, and thus we give little weight to the remaining factors. *Gonzalez-Mercado*, 808 F.2d at 800 n.8, 801. Thus, the district court did not abuse its discretion in determining Chandler failed to demonstrate a "fair and just" reason for requesting withdrawal of his guilty plea, and we affirm the district court's denial of his motion to withdraw his guilty plea. *See Brehm*, 442 F.3d at 1298.

## II.  § 924(c) Counts

Chandler also contends the district court erred in denying his motion to dismiss seven § 924(c) counts of brandishing or discharging a firearm during the Hobbs Act robberies. He asserts the offense of Hobbs Act robbery does not qualify as a "crime of violence" under the "force clause" of 18 U.S.C. § 924(c)(3)(A), and *Johnson v. United States*, 135 S. Ct. 2551 (2015) rendered the "residual clause" of § 924(c)(3)(B) unconstitutionally vague. However, a defendant's voluntary, unconditional guilty plea waives all non-jurisdictional

4

defects in the proceedings against him.  *United States v. Brown*, 752 F.3d 1344, 1347-49 (11th Cir. 2014) (explaining the failure of the indictment to state an offense is a non-jurisdictional defect).  Chandler voluntarily and unconditionally pled guilty to two of the § 924(c) counts and the remaining counts were dismissed on the Government's motion, and thus he cannot challenge the validity of the indictment on appeal.  *Id.*

### III. Physical-Restraint Enhancement

Chandler contends the district court erred in imposing a two-level enhancement against him for physically restraining his victims during the robberies, pursuant to § 2B3.1(b)(4)(B), because he did not tie, bind, or lock up his victims.  Whether a particular guideline applies to a given set of facts is a legal question subject to *de novo* review.  *Jones v. United States*, 32 F.3d 1512, 1518 (11th Cir. 1994).

The Sentencing Guidelines provide for the application of a two-level enhancement for a robbery where "any person was physically restrained to facilitate commission of the offense or to facilitate escape."  U.S.S.G. § 2B3.1(b)(4)(B).  The commentary to § 2B3.1(b)(4)(B) provides the enhancement applies when the victim was "physically restrained by being tied, bound, or locked up."  U.S.S.G. § 2B3.1, comment. (backg'd).  The phrase "physically restrained" is also defined in the commentary to § 1B1.1, which provides that the phrase means

5

"the forcible restraint of the victim such as by being tied, bound, or locked up." U.S.S.G. § 2B3.1, comment. (n.1); U.S.S.G. § 1B1.1, comment. (n.1(K)).

We have made clear the enhancement goes beyond the three listed examples and applies whenever "the defendant's conduct 'ensured the victims' compliance and effectively prevented them from leaving' a location." *United States v. Victor*, 719 F.3d 1288, 1290 (11th Cir. 2013) (quoting *Jones*, 32 F.3d at 1518-19).  In *Victor*, we held that Victor physically restrained his victim within the meaning provided by the Guidelines by threatening his victim with what she believed to be a gun to prevent her from escaping, such that she was forced to comply with Victor's directions.  *Id.*

The district court did not err in imposing the physical-restraint enhancement because our precedent squarely forecloses Chandler's argument on appeal and because his undisputed conduct—holding or pointing a gun at the victims and directing them to get on the ground so that he could complete his robberies and flee—triggers the enhancement.  *Id.*  Thus, we affirm the district court's imposition of the physical-restraint enhancement against Chandler.

**AFFIRMED.**