[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16004
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00086-JRH-BKE-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRY LEE JORDAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 20, 2017)

Before MARCUS, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Jerry Lee Jordan appeals the district court's denial of his motion to withdraw

his guilty plea.  He argues, among other things, that his plea was not knowing and

voluntary, and as a result the court abused its discretion by denying his motion. Upon review, we affirm.

The district court did not err by denying Mr. Jordan's motion to withdraw his plea. *See United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (denial of motion to withdraw guilty plea reviewed for abuse of discretion). Mr. Jordan has failed to meet his burden of establishing a "fair and just reason" for withdrawing the plea. *See* Fed. R. Crim. P. 11(d)(2)(A)–(B). *See also United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) (explaining that a district court abuses its discretion if its denial of a motion to withdraw a guilty plea is "arbitrary or unreasonable").

Courts apply a multifactor inquiry to determine whether, under the totality of the circumstances, a plea may be withdrawn. *See United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988) (factors analyzed include "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea"). If a defendant received close and adequate assistance of counsel and entered his plea knowingly and voluntarily, we have held that a district court does not abuse its discretion when it rejects a motion to withdraw a guilty plea. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987) ("Because

2

the appellant received close and adequate assistance of counsel and entered his plea knowingly and voluntarily, we conclude that the district court did not abuse its discretion."). And the "good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw a guilty plea are issues for the trial court to decide." *Brehm*, 442 F.3d at 1298 (citations omitted).

Our review of the record gives us no basis to reverse the district court. Mr. Jordan's attorney thoroughly explained the charges against him during plea negotiations and at the plea hearing. *See* Plea Agreement, D.E. 18; Tr. of Plea Hearing, D.E. 72 at 25–26. Mr. Jordan also stated that he was satisfied with his attorney's assistance, and that he discussed the plea agreement with his attorney. *See* Tr. of Plea Hearing, D.E. 72, at 10–11, 13–16.

The record likewise reflects that the plea was entered knowingly and voluntarily. Although Mr. Jordan was initially confused about the charge of aggravated identify theft against him, his confusion was resolved. The district court (1) reviewed the elements of the charges of conspiracy and aggravated identify theft against Mr. Jordan, and (2) provided an opportunity to Mr. Jordan's attorney and the government to explain the charges against Mr. Jordan and the factual basis that supported them. *See id*. at 5, 23–27. Mr. Jordan also repeatedly stated that he wished to plead guilty to both the conspiracy and aggravated identify theft charges throughout the hearing. *See id*. at 13, 16, 33–34. And Mr. Jordan

3

confirmed he understood the plea agreement, admitted to all the facts in the plea, and that no one forced him to enter the plea.  *See id*. at 6, 16–17, 27.

Under these circumstances, the district court did not abuse its discretion by denying Mr. Jordan's motion to withdraw his guilty plea.  *See, e.g.*, *Gonzalez-Mercado*, 808 F.2d at 801.[1]

**AFFIRMED**.

---

[1] Because we conclude Mr. Jordan entered his plea agreement knowingly and voluntarily, the same is true for his appeal waiver contained in that plea agreement.  *See United States v. DiFalco*, 837 F.3d 1207, 1215 (11th Cir. 2016).  Although Mr. Jordan's appeal also takes aim at the correctness of the district court's sentence, that challenge is barred by his appeal waiver.  So we need not address Mr. Jordan's challenge to his sentence.