[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15542
Non-Argument Calendar

_____

D.C. Docket No. 9:16-cr-80081-RLR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD PETION,
a.k.a. Gangsta,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 16, 2018)

Before TJOFLAT, MARTIN and HULL, Circuit Judges.

PER CURIAM:

Gerald Petion appeals the District Court's denial of his motion to withdraw his guilty plea, arguing that the Court abused its discretion in denying his motion. He also argues that his former trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Had counsel been effective, Petion contends, he would not have pleaded guilty and would have instead gone to trial. We consider each claim in turn.

## I.

We review a district court's denial of a defendant's motion to withdraw a guilty plea for an abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). We will find an abuse of discretion only where the district court's denial of the motion was arbitrary or unreasonable. *Id.* There is no abuse of discretion when the district court conducts extensive inquiries pursuant to Federal Rule of Criminal Procedure 11—informing the defendant of his rights regarding his guilty plea and confirming that he understands those rights—before accepting the guilty plea. *Id.*

A defendant may withdraw his guilty plea before sentencing if he can show a "fair and just" reason for the withdrawal. *Id.*; Fed. R. Crim. P. 11(d)(2)(B). We determine whether a reason is fair and just by considering the totality of the circumstances surrounding the plea, including whether (1) the defendant had close assistance of counsel, (2) the plea was knowing and voluntary, (3) judicial

resources would be conserved if the defendant were permitted to withdraw his guilty plea, and (4) the Government would be prejudiced if the withdrawal was granted. *Brehm*, 442 F.3d at 1298. Determinations of good faith, credibility, and the weight given to the defendant's assertions are left to the discretion of the district court. *Id.* If a defendant receives close assistance of counsel and enters a knowing and voluntary plea, the third and fourth factors are not given considerable weight. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987). There is a strong presumption that the defendant's statements during the plea colloquy are true. *Id*. at 800 n.8.

Here, the District Court did not abuse its discretion in denying Petion's motion to withdraw his guilty plea. First, the record demonstrates that Petion received close assistance of counsel. Petion testified at his change-of-plea hearing that he was satisfied with his counsel's assistance. Petion's counsel, moreover, testified at the evidentiary hearing that he (1) met with Petion at least six times and reviewed the evidence with him, (2) explained the consequences of accepting the plea agreement, and (3) ensured that his entry into the plea agreement was voluntary. The Court therefore did not err in weighing this factor against Petion.

Second, Petion's guilty plea was knowing and voluntary. Petion signed the plea agreement, agreeing that a twenty-year total sentence was sufficient in light of his crimes. And later, at Petion's change-of-plea hearing, the Court conducted

lengthy and thorough Rule 11 inquiries before accepting his guilty plea.  Petion confirmed at this hearing that he understood the consequences of pleading guilty. Thus, the District Court did not abuse its discretion in determining that Petion's guilty plea was provided knowingly and voluntarily.

Finally, although we do not give much weight to the final two factors here, *see id.* at 801, Petion has not persuaded us that they weigh in his favor.  On the whole, given the circumstances, the District Court did not abuse its discretion in denying Petion's motion to withdraw his guilty plea.

## II.

Whether trial counsel was ineffective is a mixed question of law and fact reviewed *de novo*.  *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). But we generally will not consider ineffective-assistance claims raised on direct appeal "where the district court did not entertain the claim nor develop a factual record."  *Id*.  Indeed, ineffective-assistance claims are better handled on collateral review by the district court than by this Court on direct appeal.  *See Massaro v. United States*, 538 U.S. 500, 504–06, 123 S. Ct. 1690, 1693–94 (2003).

Here, the District Court did not entertain an ineffective-assistance claim.  As a result, the record is not sufficiently developed for us to meaningfully review Petion's *Strickland* claim.  Although the parties discussed during an evidentiary hearing some of the ineffective-assistance issues Petion now raises, those matters

4

were discussed in the context of whether Petion should be permitted to withdraw his guilty plea.  The testimony proffered at that hearing by Petion and his allegedly deficient counsel hardly relates to the issue central to Petion's *Strickland* claim— counsel's alleged failure to investigate.  Further, because the hearing was not conducted in light of an ineffective-assistance claim, there is little discussion of the reasonableness of counsel's actions or of prejudice suffered by Petion.  *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.  Accordingly, we decline to review Petion's *Strickland* claim.

**AFFIRMED**.