[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10891

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JONATHAN GARDUNO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:22-cr-00086-SPC-NPM-1

_____

2                    Opinion of the Court                    24-10891

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal waiver in Appellant's plea agreement is GRANTED. *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Boyd*, 975 F.3d 1185, 1191–92 (11th Cir. 2020) (enforcing sentence appeal waiver where district court informed defendant at change-of-plea hearing that he was giving up his right to appeal under most circumstances); *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (holding appeal waiver was enforceable when the waiver was referenced during the plea colloquy and the defendant confirmed that she understood the provision and had entered into it freely and voluntarily); *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987) (recognizing the "strong presumption" that "statements made during the [change-of-plea] colloquy are true").