[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-13521

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DELVIN LASHON POWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:23-cr-00400-ECM-SMD-1

_____

Before JILL PRYOR, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal waiver in Appellant's plea agreement is **GRANTED**. *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (sentence appeal waiver will be enforced where "it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances" (quotation marks and emphasis omitted, alterations adopted)); *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999) (a sentence appeal waiver waives difficult and debatable legal issues, including even blatant error); *United States v. Weaver*, 275 F.3d 1320, 1323-24, 1333 (11th Cir. 2001) (an appeal waiver is enforceable when the waiver was referenced during the plea colloquy and the defendant confirmed that he understood the provision and had entered into it freely and voluntarily); *United States v. Gonzalez Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987) (there is a strong presumption that the defendant's statements during a plea colloquy are true.).