[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16397
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00168-CG-B-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MANILA CHICAGO,
a.k.a. Coung V. Nguyen,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 29, 2017)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant appeals the district court's denial of his motion to withdraw his guilty plea, arguing that the court abused its discretion by not allowing him to effectively argue his motion. We affirm.

## I.    BACKGROUND

Defendant Manila Chicago ("Defendant") was indicted by a federal grand jury on 16 counts of various drug, gun, and money laundering charges. Based on an evaluation conducted by the Bureau of Prisons, the district court found that Defendant was competent to stand trial. Defendant subsequently entered into a plea agreement in which he agreed to plead guilty to one count each of drug trafficking, using a firearm in relation to drug trafficking, and money laundering. In return, the Government agreed to drop the remaining charges, not pursue additional charges related to the underlying facts of the indictment, and recommend a sentence at the low end of the sentencing guidelines.

In his change of plea hearing, Defendant acknowledged that he had discussed the charges pending against him with his attorney and that he was prepared to plead guilty. Defendant further acknowledged that he had read and discussed the plea agreement and factual resume with his attorney, that he understood what was in the plea agreement, and that he was pleading guilty of his own free will and was not coerced or threatened. Defendant stated that he was fully satisfied with his attorney's representation of him. After reviewing the

2

charges with Defendant and the possible sentences and related effects of pleading guilty to a felony, the court found that Defendant was

> fully competent and capable of entering an informed plea; that he is aware of the nature of the charges and the consequences of the plea; that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

The court subsequently accepted Defendant's guilty plea.

During his sentencing hearing, however, Defendant made a statement to the court in which he claimed he did not understand parts of his plea agreement and signed the agreement because his attorney told him to. Defendant specifically claimed that the money laundering charge against him was "a lie." The district court understood Defendant's statements to be an attempt to withdraw at least a portion of his guilty plea, but, because of Defendant's assurances at the change of plea hearing, the court denied Defendant's request. The court subsequently sentenced Defendant to 111 months' imprisonment. On appeal, Defendant argues that the district court erred by not allowing him to "effectively argue" his motion to withdraw his guilty plea.

## II.    DISCUSSION

### A.    Standard of Review

We review a district court's denial of a request to withdraw a guilty plea for abuse of discretion, and there is no abuse of discretion unless the denial is

3

"arbitrary or unreasonable." *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (quoting *United States v. Weaver*, 275 F.3d 1320, 1328 n.8 (11th Cir.2001)).

**B.    Whether Defendant Has Shown a Fair and Just Reason for Requesting to Withdraw His Guilty Plea**

A criminal defendant may withdraw a guilty plea after the court accepts it, but before he is sentenced, if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).  In determining whether a defendant has shown a fair and just reason for withdrawing his plea, a court may consider the "totality of the circumstances surrounding the plea," including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Brehm*, 442 F.3d at 1298 (quoting *United States v. Buckles*, 843 F.2d 469, 471–72 (11th Cir. 1988)).  If a defendant cannot satisfy the first two of these factors, however, a court need not give "considerable weight" or "particular attention" to the remaining factors. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).  Additionally, the timing of the motion to withdraw is relevant because "[a] swift change of heart is itself strong indication that the plea was entered in haste and confusion." *Id.* (internal quotation marks omitted).

4

We conclude that the district court did not abuse its discretion in denying Defendant's motion to withdraw his guilty plea. None of the relevant factors mentioned above tilt in his favor.

### 1.     Close Assistance of Counsel

Defendant testified at his change of plea hearing that he had discussed the charges, possible defenses, the plea agreement, and the factual resume with his attorney, that he understood the plea agreement, and that he was fully satisfied with his representation, despite a previous argument. There is a strong presumption that these statements are true. *See Gonzalez-Mercado*, 808 F.2d at 800 n.8. Defendant also acknowledged that by signing the plea agreement—which Defendant's counsel spent a "long time" reviewing with Defendant to ensure that Defendant understood "every word"—he had the benefit of legal counsel in negotiating the plea and that he was "completely satisfied" with the legal advice of his attorney. In addition, the district court was able to observe that Defendant's counsel had multiple off-the-record conversations with him through an interpreter during the plea hearing, apparently to make sure that Defendant adequately understood the court's questions.

Although Defendant did later argue at his sentencing hearing that he did not understand the plea agreement but had simply signed because his attorney told him to, it is for the district court to decide "[t]he good faith, credibility and weight of a

5

defendant's assertions in support of a motion" to withdraw a guilty plea. *Brehm*, 442 F.3d at 1298 (internal quotation marks omitted). The district court implicitly discounted these assertions by Defendant, noting that it was convinced that Defendant knew he was pleading guilty at the plea hearing based on Defendant's responses to the court's questions. Given Defendant's affirmative responses that he received assistance from counsel and was satisfied with that assistance, the district court did not abuse its discretion by concluding that Defendant had entered his guilty plea with the "close assistance of counsel." *Brehm*, 442 F.3d at 1298.

### 2.    Knowing and Voluntary Plea

To determine whether a guilty plea is knowing and voluntary, a court must address "three core concerns": "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000) (internal quotation marks omitted). The district court is entitled to rely on a defendant's statements during the plea hearing to determine whether these concerns are met. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

Defendant testified that nobody had threatened him or otherwise forced him to plead guilty, and that he was pleading guilty of his own free will because he was guilty. The district court also confirmed that Defendant understood the nature of

the charges against him and the consequences of a guilty plea. Because the district court satisfied the "core concerns" through its questioning of Defendant at the plea hearing, the court did all that was required to determine that Defendant entered his guilty plea knowingly and voluntarily.

### 3.    Conservation of Judicial Resources

As the Government argues, allowing Defendant to withdraw his guilty plea would not conserve judicial resources because Defendant moved to withdraw his plea three months after it was entered, and the case had already been removed from the trial docket. Thus, accepting the motion would consume greater judicial resources. Defendant offers no arguments to the contrary.

### 4.    Prejudice to the Government

Defendant argues that the Government would not be prejudiced by the withdrawal of his plea, and in any case, further argument on the motion is necessary to determine the issue. The court does not need to find prejudice to the government before denying a motion to withdraw a guilty plea, however. *Buckles*, 843 F.2d at 474. Thus, that the district court did not explicitly consider whether the Government would be prejudiced before denying Defendant's motion to withdraw his guilty plea does not show that the court abused its discretion.

### 5.    Timing of Motion to Withdraw

Defendant argues that because only 92 days elapsed between his guilty plea and his motion to withdraw it, he should not be precluded from withdrawing his plea. While Defendant is correct that a 92-day interim period is not a *per se* bar to withdrawing his guilty plea, "[t]he longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." *Buckles*, 843 F.2d at 473. Ninety-two days does not suggest a "swift change of heart" indicating "haste and confusion" in entering the guilty plea. *See Gonzalez-Mercado*, 808 F.2d at 797, 801 (noting that there was no "swift change" when a guilty plea was entered and defendant moved to withdraw it 27 days later). In addition, as the district court suggested, that Defendant only sought to withdraw his guilty plea after his sentence had been calculated under the guidelines suggests that he wanted to withdraw his plea only because he was dissatisfied with this sentence calculation. *See id.* at 801 ("[T]he fact that the appellant's motion to withdraw fell on the heels of imposition of stricter sentences than those recommended in the plea agreement . . . suggests that the appellant withdrew his plea in anticipation of a harsher sanction than that recommended in his plea agreement."). The timing of Defendant's motion to withdraw his guilty plea does not indicate that Defendant has a fair and just reason for attempting to withdraw his plea.

8

### 6.    Possible Ineffective Assistance of Counsel

Defendant also argues that allowing him to "pursue his motion" would allow the district court to determine whether his Sixth Amendment right to effective assistance of counsel was violated.  Defendant notes that the record suggests he had several complaints against his attorney, and this may provide a basis for withdrawing his guilty plea.  The district court was aware of Defendant's strained relationship with his attorney, however, and Defendant still testified to his full satisfaction with his representation.  Furthermore, this Court has held that "even if the record contains some indication of deficiencies in counsel's performance," claims for ineffective assistance of counsel not entertained by the district court are not generally considered on direct appeal, and that "[t]he preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion." *United States v. Patterson*, 595 F.3d 1324, 1328–29 (11th Cir. 2010) (internal quotation marks omitted).  Accordingly, Defendant's arguments about the possibility of a Sixth Amendment violation do not show that the district court abused its discretion in denying his motion to withdraw his guilty plea.

### 7.    Necessity of a Hearing on the Motion

Defendant argues that there should have been a more thorough hearing on his motion to withdraw his plea because it was not possible otherwise to determine whether Defendant actually satisfied the criteria for allowing a withdrawal.  The

9

court is entitled to rely on the statements Defendant made during his change of plea hearing, however, and based on the extensive inquiries made by the court then, the court was not required to conduct a more extensive hearing on the matter before denying Defendant's motion.  In addition, the court was aware of the difficult attorney-client relationship between Defendant and his attorney, and so was able to assess the credibility of Defendant's claim that his attorney had forced him to sign the plea agreement.  Given the information it already had, the district court did not abuse its discretion by failing to accept additional testimony or evidence in support of Defendant's motion to withdraw his guilty plea.

## III.   CONCLUSION

Defendant has not made the required showing that there is a fair and just reason to withdraw his guilty plea, and so the district court's rejection of his motion to withdraw his guilty plea is **AFFIRMED**.