[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14200
Non-Argument Calendar

_____

D.C. Docket No. 2:17-cr-00060-SPC-MRM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM PIPER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 11, 2020)

Before EDMONDSON, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

William Piper appeals his conviction and 97-month sentence after pleading guilty to possessing with intent to distribute 500 grams or more of methamphetamine, 21 U.S.C. § 841(a)(1).  No reversible error has been shown; we affirm in part and dismiss the appeal in part.

Briefly stated, a police detective at a shipping facility observed a package consistent with possible narcotics concealment.  The detective -- pursuant to a search warrant -- opened the package and found almost a pound of methamphetamine.  An undercover officer then conducted a controlled delivery of the package to "Jay Piper" at the residential address listed.

Piper took delivery of and opened the package; officers then executed a search warrant of the house.  Officers arrested Piper after finding him in the garage with the package and the methamphetamine.  Officers also arrested several other people who were present at the house, including Piper's husband.  Piper's husband was later charged with a state drug trafficking offense.

Piper, meanwhile, was charged with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  At the change-of-plea hearing on 15 June 2017, Piper pleaded guilty pursuant to a written plea

agreement.  On 1 August 2017, Piper hired a new lawyer: the lawyer who was then also representing Piper's husband in the husband's state criminal case.

At a scheduled sentencing hearing on 7 May 2018, Piper notified the district court that he wanted to withdraw his guilty plea.  Piper said that his request was prompted by the dismissal of his husband's state criminal case, which was nolle prossed on 28 April 2018.  On 20 June 2018, Piper filed a written motion to withdraw his plea, in which he asserted that there existed "numerous meritorious" and "substantial defenses" that he now wished to assert.

The district court denied Piper's motion to withdraw his plea.  The district court then sentenced Piper to 97 months' imprisonment: a sentence at the low end of the calculated guidelines range of 97 to 121 months.

I.

Piper first challenges the district court's denial of his motion to withdraw his guilty plea.  Piper contends that the district court abused its discretion in denying his motion without first conducting an evidentiary hearing.  Piper also says that the district court relied improperly on a clearly erroneous fact.

We review the denial of a motion to withdraw a guilty plea under an abuse-of-discretion standard.  United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir.

3

2006). No abuse of discretion occurs "unless the denial is 'arbitrary or unreasonable.'" Id.

A defendant -- like Piper -- who seeks to withdraw his guilty plea after the court has accepted the plea but before sentencing must demonstrate "a fair and just reason" for doing so. See Fed. R. Crim. P. 11(d)(2)(B). We construe liberally whether a defendant's pre-sentence motion to withdraw is supported by "a fair and just reason." United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988). A defendant, however, has "no absolute right to withdraw a guilty plea." Id. Instead, whether a defendant will be allowed to withdraw his plea is a decision "left to the sound discretion of the trial court." Id.

In determining whether a defendant has satisfied his burden of showing a "fair and just reason" for withdrawal, the district court must "consider the totality of the circumstances surrounding the plea." Id. at 471-72. In particular, the district court considers "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Brehm, 442 F.3d at 1298. If the defendant cannot satisfy the first two factors, we have said that the district court need not give "considerable weight" or "particular attention" to the remaining factors. United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987).

In addition, the timing of a motion to withdraw may be pertinent to understanding a defendant's motivation: "[a] swift change of heart is itself strong indication that the plea was entered in haste and confusion."  Id.

### A.  Evidentiary Hearing

First, we reject Piper's argument that the district court abused its discretion in ruling on his motion to withdraw without first conducting an evidentiary hearing.  We have said that a district court's refusal to hold an evidentiary hearing on a motion to withdraw constitutes no "abuse of discretion when a court has conducted extensive Rule 11 inquiries prior to accepting the guilty plea."  See Brehm, 442 F.3d at 1298 (citing United States v. Stitzer, 785 F.2d 1506, 1514 (11th Cir. 1986)).

Here, the district court conducted a thorough Rule 11 colloquy.  Nor does Piper challenge the district court's determination that his guilty plea was entered knowingly and voluntarily.  In the district court, Piper never requested an evidentiary hearing.  Piper also failed to cite to or to attach documents in support of his motion to withdraw that might have necessitated a hearing.  On this record, the district court abused no discretion in failing to sua sponte conduct an evidentiary hearing before ruling on Piper's motion.

*B. Fact Finding*

About Piper's second argument, we accept Piper's assertion that the district court misstated the timing between Piper's motion to withdraw and the dismissal of the state criminal case against Piper's husband.  The district court seems to have believed mistakenly that the state criminal case against Piper's husband was dismissed in April <u>2017</u> instead of in April <u>2018</u>.  As a result, the district court said erroneously that more than a year had passed between the dismissal of the state criminal proceedings against Piper's husband and Piper's motion to withdraw his plea (first raised orally in May 2018).

We cannot conclude, however, that the challenged factual finding was critical to the district court's decision to deny Piper's motion to withdraw his plea. Before addressing the timing of Piper's motion, the district court had already determined that Piper's plea was made knowingly and voluntarily, that Piper had received the close aid of counsel, and that permitting Piper to withdraw his plea over a year after Piper pleaded guilty (15 June 2017) would "consume greater judicial resources and prejudice the Government."  The district court's determination that each of these four factors weighed against Piper constitutes ample grounds to deny Piper's motion to withdraw.  <u>See Brehm</u>, 442 F.3d at 1298.

6

We also note that Piper, on appeal, raises no challenge to these important determinations.

After having addressed the pertinent factors, the district court then went on to address and to reject Piper's asserted reason for seeking to withdraw his plea: that "newly learned" and "unspecified defenses" used to exonerate Piper's husband would also apply in Piper's case. The district court determined, instead, that Piper's motion was motivated by "buyer's remorse." About timing, the district court said that Piper filed his motion to withdraw ten months after Piper retained his husband's lawyer and -- said mistakenly -- "more than a year after the State of Florida dismissed the case against Piper's husband." The district court also then rejected Piper's argument on the merits. Unlike Piper's husband's case (which Piper asserted was dismissed for lack of evidence), the district court said the evidence of Piper's guilt was "sufficient and strong." Because Piper had presented only "conclusory allegations and wishful conjecture on the existence of exculpatory defenses," the district court concluded that Piper had failed to demonstrate a fair and just reason to withdraw his plea.

In the light of this record and the language of the district court's order, we are persuaded that the sole challenged fact finding -- although erroneous -- played no significant role in the district court's ruling. The district court's decision to deny Piper's motion to withdraw did not rely on a single date; the decision is

7

supported by the complete record and by the pertinent factors. We see no abuse of discretion. See Brehm, 442 F.3d at 1298; Baker, 432 F.3d at 1202 (no abuse of discretion unless the district court "rests" its decision upon a clearly erroneous fact).

## II.

Piper also raises these challenges to his sentence: (1) the district court erred in concluding that Piper was ineligible for safety-valve relief; (2) the district court erred in increasing Piper's offense level under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm; (3) Piper's sentence is substantively unreasonable; and (4) the prosecutor violated Piper's due process rights by objecting (after Piper moved to withdraw his plea) to a fact in the Presentence Investigation Report, which resulted in an increase to Piper's total offense level. The government responds that Piper's arguments are barred by the plea agreement's sentence-appeal waiver.

We review de novo the validity of a sentence-appeal waiver. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence-appeal waiver is enforceable if it is made knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was knowing and voluntary, the government must show either that "(1) the district court specifically

questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id.

We conclude that Piper's appellate arguments challenging his sentence are barred by his sentence-appeal waiver. Piper's written plea agreement provided expressly that Piper waived "the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range . . .."

During the Rule 11 colloquy, the district court also said that -- pursuant to the plea agreement -- Piper had agreed to waive his right to appeal his sentence "except on very narrow grounds." In particular, the district court explained that Piper could appeal his sentence only on these grounds: (1) that the sentence exceeds the applicable guidelines range as determined by the district court; (2) that the sentence exceeds the statutory maximum penalty; or (3) that the sentence violates the Eighth Amendment. Piper indicated that he understood the terms of the sentence-appeal waiver.

Because the record demonstrates that Piper waived knowingly and voluntarily his right to appeal his sentence, we will enforce the plea agreement's sentence-appeal waiver. No exception to the waiver applies: Piper's sentence is

9

within the guidelines range as calculated by the district court, is below the statutory maximum, and is consistent with the Eighth Amendment.

On appeal, Piper acknowledges that his plea agreement contained a sentence-appeal waiver. Piper also makes no argument challenging the voluntariness of his guilty plea. Instead, Piper -- relying on non-binding authority from other circuits -- urges us not to enforce the appeal waiver and to reach the merits of his arguments to avoid a purported "miscarriage of justice." We decline this request.

We stress that "[a]n appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." United States v. Bascomb, 451 F.3d 1292, 1294 (11th Cir. 2006). Furthermore, even if we assume -- without deciding -- that this Court might recognize a miscarriage-of-justice exception in some case, nothing in this case presents the kind of exceptional circumstance that might warrant consideration of Piper's appellate arguments despite a valid appeal waiver. Cf. United States v. Howle, 166 F.3d 1166, 1169 n.5 (11th Cir. 1999) ("In extreme circumstances -- for instance, if the district court had sentenced [a defendant] to a public flogging -- due process may require that an appeal be heard despite a previous waiver."); Bushert, 997 F.2d at 1350 n.18

10

(noting that "there are certain fundamental and immutable legal landmarks within which the district court must operate regardless of the existence of sentence appeal waivers," including statutory maximums and prohibitions on basing a sentence on a constitutionally impermissible factor such as race).

Accordingly, we dismiss Piper's appeal to the extent he seeks to challenge his sentence.

AFFIRMED IN PART; DISMISSED IN PART.