[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12420
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00096-CG-B-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDALL KEITH MIDKIFF,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 9, 2020)


Before GRANT, LUCK and BLACK, Circuit Judges.

PER CURIAM:

Randall Keith Midkiff appeals his conviction for enticement of a minor.  He asserts the district court abused its discretion in denying his motion to withdraw his guilty plea because his history of mental illness, testimony that he was confused and did not understand conversations with his attorney, and insistence of his innocence show that there was a fair and just reason to allow him to withdraw his guilty plea.  After review,[1] we affirm the district court.

A district court may grant a motion to withdraw a guilty plea if the defendant shows a fair and just reason.  *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006); *see also* Fed. R. Crim. P. 11(d)(2)(B) (providing a defendant may withdraw a guilty plea after acceptance, but prior to imposition of the sentence, if "the defendant can show a fair and just reason for requesting the withdrawal").  The decision to allow withdrawal is left to the district court's sound discretion and will be reversed only if its decision was arbitrary or unreasonable.  *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988).  The defendant carries the burden to show a fair and just reason for withdrawal of his plea.  *Id.*  To determine whether a defendant has met this burden, a district court may consider the totality of the circumstances surrounding the plea, including whether: (1) "close assistance of counsel was available"; (2) "the plea was knowing and

---

[1]  We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion.  *United States v. Buckles*, 843 F.2d 469, 474 (11th Cir. 1988).

2

voluntary"; (3) "judicial resources would be conserved"; and (4) "the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 471-72.

We will not find the district court abused its discretion if it conducted an extensive plea colloquy that conforms with Rule 11 of the Federal Rules of Criminal Procedure prior to accepting a guilty plea. *Brehm*, 442 F.3d at 1298. When a district court accepts a guilty plea, it must ensure the core objectives of Rule 11 are met: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1289 (11th Cir. 2003) (quotations omitted). Accordingly, a defendant who makes statements under oath bears a heavy burden to show his guilty plea should be withdrawn. *See United States v. Rogers*, 848 F.2d 166, 169 (11th Cir. 1988).

First, Midkiff does not argue on appeal that the court failed to conduct a proper Rule 11 inquiry, so any argument on that issue is waived. *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998) (stating a defendant who does not raise an issue in his brief on appeal abandons it). Moreover, the record demonstrates the three core concerns of Rule 11 were met because, during his plea colloquy, Midkiff confirmed that: (1) no promises had been made and no one

attempted to force, pressure, or threaten him into pleading guilty; (2) he received the indictment, reviewed it with his attorney, and understood the charge against him; and (3) he understood the possible penalties of the charge against him and acknowledged that, by pleading guilty, he was waiving his right to appeal and he could not withdraw his plea if the sentence was more severe than he expected. *See Lejarde-Rada*, 319 F.3d at 1289. In light of this record, Midkiff has not overcome the strong presumption that the plea, conducted per Rule 11, was knowing and voluntary. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987) (stating there is a strong presumption a plea entered after proceedings pursuant to Rule 11 is knowing and voluntary and that statements made during a plea colloquy are true).

Next, Midkiff's argument his plea was not knowing and voluntary based on his history of mental illness fails. Midkiff stated under oath at his plea colloquy that no one had pressured or threatened him to plead guilty, and statements made during a plea colloquy are generally presumed to be true. *See id.* At the hearing on his motion to withdraw his guilty plea, Midkiff admitted to lying about his mental illness in the past, and while the district court denied his motion to withdraw his guilty plea, it ordered a mental evaluation to determine whether Midkiff was seriously suffering from a mental health illness. The court noted while Midkiff was arguing he suffered from mental illness, he had still not

explained why, while under oath at his plea colloquy, he told the district court no one had pressured him to enter a guilty plea and Midkiff's own testimony appeared to show his lawyers had explained it was to his benefit to plead guilty. Because there was evidence Midkiff's claim of mental illness was not credible, it was reasonable, and not an abuse of discretion, for the district court to determine Midkiff's plea was knowing and voluntary. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (stating we defer to the district court's credibility determination unless it is "so inconsistent or improbable on its face that no reasonable factfinder could accept it" (quotations omitted)).

Midkiff's argument that he was not afforded close assistance of counsel also fails because Midkiff's statements at his plea colloquy, which are generally presumed to be true, confirmed he was satisfied with his lawyer's representation and his lawyer discussed the case and plea agreement with him. *See id.* Further, while Midkiff testified at the hearing on his motion to withdraw his plea that his lawyer had pressured him to plead guilty and had spent minimal time reviewing the plea agreement with him, it was for the district court to decide the credibility and weight of Midkiff's assertions in support of his motion, and its credibility findings were reasonable. *See Brehm*, 442 F.3d at 1298 (explaining the district court determines the credibility and weight to give to the defendant's assertions in support of his motion to withdraw a guilty plea).

5

Midkiff's argument his fair and just reason for withdrawal of his guilty plea outweighs the expenditure of further judicial resources is without merit. We held that when both a plea colloquy conforming with Rule 11 and an evidentiary hearing were conducted, enough judicial resources had been expended on the defendant's case—and Midkiff had the opportunities of briefing on the issue of withdrawal, a mental evaluation, and a competency hearing in addition to his plea colloquy and evidentiary hearing. *See Buckles*, 843 F.2d at 474 (recognizing when a full Rule 11 plea colloquy and an evidentiary hearing were conducted on the matter of a defendant's guilty plea, enough judicial resources had been expended on the case). Finally, Midkiff's argument the Government would not be prejudiced by the withdrawal of his guilty plea ignores the fact that, even if the Government did have strong evidence against him, it would still have to spend time, money, and effort to reassemble witnesses and evidence that were allowed to scatter after the court's acceptance of Midkiff's guilty plea. *See id.* (stating the district court is not required to find prejudice to the government before denying a defendant's motion to withdraw but may consider the time, money, and effort the government would have to devote to reassemble the witnesses and that evidence may scatter after acceptance of a guilty plea).

6

For the reasons above, Midkiff has not shown a fair and just reason for withdrawal of his guilty plea.  Accordingly, the district court did not abuse its discretion in denying his motion.

**AFFIRMED.**