[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 21-11165

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PETER HALL,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cr-20709-FAM-1

————————————————

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Peter Hall appeals his convictions for possession of a firearm in furtherance of a drug trafficking crime and possession of a firearm and ammunition by a convicted felon. He argues that the district court abused its discretion when it denied his pro se motion to withdraw his plea and that his attorney rendered ineffective assistance of counsel. Hall also moves for permission to file a supplemental appendix containing documents that weren't before the district court and that relate only to his ineffective assistance claim. We deny the motion and affirm his convictions.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In July 2019, local police detectives arrived at Hall's residence to arrest him under a state warrant for drug trafficking. When the detectives knocked on the door, they saw Hall go into the kitchen and hide something in a garbage can. The detectives arrested Hall and conducted a protective sweep of the residence, during which one of the detectives noticed a tray containing what looked like crack cocaine. The detectives sought a search warrant. After receiving his *Miranda*[1] warnings, Hall told a detective that he'd placed three handguns under a trash bag in the kitchen. The officers got a search warrant and subsequently discovered three

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

loaded handguns where Hall had indicated. They found baggies containing eutylone and crack cocaine in a closet.

A grand jury indicted Hall for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. section 841(a)(1), (b)(1)(C) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. section 924(c)(1)(A)(i) (Count Two); and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. section 922(g)(1), (e)(1) (Count Three).

Hall entered a plea agreement stipulating that he agreed to plead guilty to Counts Two and Three and that the government would seek the dismissal of Count One. It further stated that Hall was fully aware of the role the guideline range would play in his sentencing. At Hall's change-of-plea hearing, the district court asked Hall if he wanted to plead guilty, and he responded, "Yes, sir." After being placed under oath, Hall confirmed to the district court that he was pleading guilty to Counts Two and Three. The district court informed Hall that he could be sentenced to "as much as life imprisonment," and Hall confirmed that he understood the district court's statement that "[f]ive years and life imprisonment [was] a possibility." The district court and the government confirmed that he'd be sentenced as an armed career criminal, and the government said that it would request the minimum sentence of twenty years "[a]t the very least," comprising five years for his section 924(c) conviction and the mandatory minimum of fifteen

years for his section 922(g) conviction.  Hall confirmed that he understood those statements.

The district court instructed Hall to "listen carefully" to the government's factual basis and reminded him that he was under oath, subject to the penalty of perjury.  Hall confirmed that he agreed with everything the government said about his "involvement with the[] guns and drugs."  He confirmed that he'd discussed with his attorney possible defenses, the consequences of his plea, and "everything about [his] case."  He affirmed that he was satisfied with his attorney's representation and declined to speak more with his attorney before entering his plea.  When asked if anyone forced or threatened him to get him to plead guilty, he said, "No, sir."  He confirmed that he signed the plea agreement and that he'd read it before signing it.  He understood that (1) he was pleading guilty to Counts Two and Three in exchange for the dismissal of Count One, (2) Count Three carried a fifteen-year mandatory minimum sentence and Count Two carried a five-year mandatory minimum, and (3) each count had maximum sentences of life imprisonment and five years' supervised release.

After confirming that Hall hadn't been to a mental institution or used drugs, alcohol, or medication in the last few days, the district court asked Hall if he was sure that he wanted to plead guilty, and Hall responded, "Yes, sir."  The court asked if he was pleading guilty because he was guilty, to which Hall said, "Guilty," and confirmed that he "d[id] it."  Hall pleaded guilty to Counts Two and Three.  The district court accepted the plea, finding that

Hall entered the plea freely and voluntarily, there was a factual basis for the plea, and he was represented by competent counsel with whom he expressed satisfaction.

During the next few months before his sentencing, Hall filed with the district court eight pro se motions and "writs of mandamus" despite his representation by counsel. These filings followed two common themes. First, Hall wanted out of his plea, which he described as "unconstitutional."

Second, Hall recounted a feud with his attorney. His accusations escalated over time from ineffective assistance of counsel to acting in the interest of the government to outright threats. Hall claimed that his attorney coerced and tricked him into pleading guilty; refused to listen to his ideas about how to argue his case; refused to advocate for him; wouldn't move to suppress evidence he claims was illegally obtained from his residence; failed to investigate witnesses; failed to properly advise him of the charges, plea agreement, and waiver of rights; and failed to investigate or object to the presentence investigation report. He said that he wasn't at liberty to share his concerns with the district court during his change-of-plea hearing because he feared being exposed to the harm that his attorney, who was standing beside him, had threatened.

Eventually, Hall asserted that he was actually innocent and could prove that the government manipulated the court and fabricated facts and law. He declared that the charging statutes in the indictment didn't apply to him and had no factual basis.

The district court denied Hall's requests to withdraw his plea but granted his requests to appoint new counsel. Hall received new counsel for sentencing and promptly began attacking him as incompetent. Hall's second attorney then moved to withdraw, which the district court granted, and Hall was given a third attorney.

At his sentencing hearing, Hall wanted to argue about withdrawing his plea. Hall reiterated through his third counsel many of the items he'd raised in his pro se filings, including that law enforcement hadn't legally searched his residence and that he hadn't entered his plea agreement freely and voluntarily. He indicated an interest in filing a motion under 28 U.S.C. section 2255. The district court discussed the standard for withdrawing a plea under *United States v. Buckles*, 843 F.2d 469 (11th Cir. 1988), and stated that Hall's arguments were insufficient to show that his attorney rendered ineffective assistance. The district court further stated that the record from the change-of-plea hearing "clearly" showed that Hall knowingly and voluntarily pleaded guilty and that the district court had asked more questions than it normally did, so the standard in *Strickland v. Washington*, 466 U.S. 668 (1984), "ha[d] been met." The district court again denied Hall's motion to withdraw his plea. The district court adopted the presentence investigation report and its guideline range and sentenced Hall to a total of twenty years' imprisonment, comprising fifteen years for Count Three and five consecutive years for Count Two, followed by five years' supervised release.

We appointed new counsel to represent Hall on appeal. Hall's new appellate counsel filed a notice in the district court of filing documents from Hall's state criminal case based on the same incident as his federal case. Specifically, he submitted to the district court (1) the docket sheet from Hall's state court case, (2) the docket sheet from another state court case involving another defendant from the same incident, (3) a state court order granting the other defendant's motion to suppress evidence found in the search of the residence, (4) Hall's counseled motion to suppress evidence found in the search of the residence, and (5) Hall's pro se motion to suppress such evidence. The docket sheets showed that, after the filing of motions to suppress, Hall's case was closed, and the other defendant's motion was granted and his case also was closed. In its order granting the other defendant's motion to suppress, the state trial court found the protective sweep of the residence unlawful.

## STANDARD OF REVIEW

When a district court denies a defendant's motion to withdraw his guilty plea filed after the district court accepted his plea, but before sentencing, we review the denial for abuse of discretion. *Buckles*, 843 F.2d at 471. There's no abuse of discretion unless the denial was "arbitrary or unreasonable." *Id.* In determining whether error exists, we review "a district court's fact findings . . . that the defendant understood the nature of the charges and that the defendant had entered a knowing and voluntary plea of guilty . . . for clear error." *United States v. Presendieu*, 880 F.3d 1228, 1240

(11th Cir. 2018). We also review the district court's denial of an evidentiary hearing for abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006).

## DISCUSSION

On appeal, Hall argues that the district court abused its discretion when it denied, without an evidentiary hearing, his pro se motion to withdraw his plea. He also argues that his attorney rendered ineffective assistance of counsel by failing to move to suppress evidence and that the record on appeal is sufficient to address that claim. And Hall has moved for permission to file a supplemental appendix containing the documents from his state court case.

### A.    *Withdrawal of Plea*

A district court may grant a motion to withdraw a guilty plea if the defendant shows a fair and just reason for doing so. *Brehm*, 442 F.3d at 1298; *see also* Fed. R. Crim. P. 11(d)(2)(B) (providing that a defendant may withdraw a guilty plea after acceptance, but prior to imposition of the sentence, if "the defendant can show a fair and just reason for requesting the withdrawal"). The decision to allow withdrawal is left to the district court's sound discretion and will be reversed only if its decision was arbitrary or unreasonable. *Buckles*, 843 F.2d at 471. The defendant carries the burden to show a fair and just reason for withdrawal of his plea. *Id.*

To determine whether a defendant has met this burden, a district court may consider the totality of the circumstances surrounding the plea, including whether: (1) "close assistance of counsel was available"; (2) "the plea was knowing and voluntary"; (3) "judicial resources would be conserved"; and (4) "the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 471–72. If we find that the defendant received close assistance of counsel and knowingly and voluntarily entered his plea, we generally don't give "considerable weight" to the third factor or "particular attention" to the fourth factor. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

"A district court's refusal to hold an evidentiary hearing is also reviewed for abuse of discretion." *Brehm*, 442 F.3d at 1298. "It does not amount to abuse of discretion when a court has conducted extensive Rule 11 inquiries prior to accepting the guilty plea." *Id.* When a district court accepts a guilty plea, it must ensure that the core objectives of Rule 11 are met: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1289 (11th Cir. 2003) (quotations omitted). A defendant who makes statements under oath bears a heavy burden to show that his guilty plea should be withdrawn. *See United States v. Rogers*, 848 F.2d 166, 169 (11th Cir. 1988).

Here, the record shows that the district court met the three core concerns of Rule 11. During his plea colloquy, Hall confirmed

that: (1) no promises had been made and no one attempted to force, pressure, or threaten him into pleading guilty; (2) he received the indictment, reviewed it with his attorney, and understood the charges against him; and (3) he understood the possible penalties of the charges against him and acknowledged that, by pleading guilty, he couldn't withdraw his plea if the sentence was more severe than he expected. *See Lejarde-Rada*, 319 F.3d at 1289. In light of this record, Hall hasn't overcome the strong presumption that the plea was knowing and voluntary. *See Gonzalez-Mercado*, 808 F.2d at 800 n.8 (stating that there's a strong presumption that a plea entered after proceedings pursuant to Rule 11 is knowing and voluntary and that statements made during a plea colloquy are true).

Hall's only argument to the contrary is that his first counsel "threatened" him and "coerced" him to plead guilty right away or face life imprisonment. But this argument fails because Hall stated under oath at his plea colloquy that no one had pressured or threatened him to plead guilty. *See id.* Similarly, Hall's argument that he wasn't afforded close assistance of counsel also fails because Hall's statements at his plea colloquy confirmed that he was satisfied with his attorney's representation and that his attorney discussed the case and plea agreement with him.

Having found that the first two factors weigh in favor of affirming, we needn't give considerable weight or attention to the final two factors. *Gonzalez-Mercado*, 808 F.2d at 801. We do note, however, that significant judicial resources already have been expended in Hall's case, including the appointment of three trial

attorneys and one appellate attorney. Hall also received several continuances related to his sentencing. *Cf. Brehm*, 442 F.3d at 1297 (affirming denial of motion to withdraw plea where, among other factors, judicial economy favored denial because defendant "had been granted three continuances of his sentencing").

For the reasons above, Hall hasn't shown a fair and just reason for withdrawal of his guilty plea. Accordingly, the district court didn't abuse its discretion in denying his motion.

## B.    *Ineffective Assistance of Counsel*

We generally don't consider claims of ineffective assistance of counsel raised on direct appeal where the district court didn't entertain the claim or develop a factual record. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). Even if the record includes some indication that an attorney's performance was deficient, a section 2255 motion is the preferred means for deciding an ineffective assistance claim. *See United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010).

Although the district court briefly addressed ineffective assistance, it did so in the context of determining whether to grant Hall's motion to withdraw his plea. The record contains no more than Hall's conclusory assertions that his counsel was ineffective for failing to move to suppress evidence. It's silent regarding counsel's reasons for not filing a motion to suppress, his discussions with Hall on the subject, and the prejudice—if any—to Hall from this decision. Consequently, the record isn't ripe for our review.

### C.    Motion to File Supplemental Appendix

We may supplement the record to include material that wasn't before the district court if doing so is "in the interests of justice" or would "aid [us in] making an informed decision." *Schwartz v. Million Air, Inc.*, 341 F.3d 1220, 1225 n.4 (11th Cir. 2003). As discussed above, the record is insufficient for us to rule on Hall's ineffective assistance claim. Because the documents that Hall seeks to submit relate only to that claim, his proposed supplemental appendix wouldn't assist us in making an informed decision or promote the interests of justice. Of course, the district court may assess the evidence in the first instance in any future section 2255 proceeding.

**AFFIRMED; MOTION DENIED.**