[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11208

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GEORGE WILLIAMS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:20-cr-00023-AW-MAF-1

_____

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

George Williams, Jr. appeals his convictions for attempted production of child pornography and coercion or enticement of a minor to engage in prostitution. On appeal, he contends that defense counsel was constitutionally deficient, and that the district court should have allowed him to withdraw his guilty plea.

I.

Claims of ineffective assistance of counsel are mixed questions of law and fact that we review *de novo. See Gordon v. United States,* 518 F.3d 1291, 1296 (11th Cir. 2008) (addressing an ineffective-assistance-of-counsel claim in the context of a 28 U.S.C. § 2255 motion to vacate).

We will generally not consider claims of ineffective assistance of counsel raised on direct appeal "where the district court did not entertain the claim nor develop a factual record." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). Even if the record includes some indication that an attorney's performance was deficient, a 28 U.S.C. § 2255 motion is the preferred means for deciding an ineffective-assistance-of-counsel claim. *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010). A § 2255 hearing affords the counsel at issue the opportunity to testify and explain whether "a seemingly unusual or misguided action . . . had a sound strategic motive or was taken because [the] alternatives were even

worse." *Massaro v. United States*, 538 U.S. 500, 505 (2003). Further, we will not speculate about the effect that counsel's allegedly deficient performance had on a defendant's case. *United States v. Khoury*, 901 F.2d 948, 969 (11th Cir. 1990).

However, we will consider an ineffective-assistance claim on direct appeal where the record is sufficiently developed. *Bender*, 290 F.3d at 1284. For example, we resolved an ineffective-assistance claim on direct appeal where the lower court held an evidentiary hearing on the underlying basis for the claim, at which four witnesses, including the challenged counsel, testified. *United States v. Camacho*, 40 F.3d 349, 355 (11th Cir. 1994), *overruled on other grounds by United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001).

To succeed on an ineffective-assistance claim, a defendant must show that (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient only if it falls below "the range of competence demanded of attorneys in criminal cases." *Id.* The performance prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To prove the prejudice prong, a petitioner must show a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694. There is a strong presumption that

counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

Here, we decline to consider Williams's ineffective assistance of counsel claim because the record is not developed enough for us to review it on direct appeal, for several reasons. *Bender*, 290 F.3d at 1284. First, the underlying motion to withdraw did not mention *Strickland* or ineffective assistance of counsel. Second, at the hearing held on the motion to withdraw, neither counsel nor the government called defense counsel to testify, despite the attorney's presence. Third, while Williams testified, he could not testify as to matters outside his personal knowledge, so the absence of any testimony from defense counsel left certain matters relating to the basis for counsel's decision-making unclear.

## II.

We review a district court's denial of a defendant's motion to withdraw a guilty plea for an abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). We will only find an abuse of discretion where the district court's denial of the motion was arbitrary or unreasonable. *Id.* There is no abuse of discretion when the district court conducts extensive inquiries pursuant to Federal Rule of Criminal Procedure 11—informing the defendant of his rights regarding his guilty plea and confirming that he understands those rights—before accepting the guilty plea. *Id.* (citing Fed. R. Crim. P. 11(b)(1)).

An appellant seeking to raise an issue on appeal must clearly indicate the issue in his brief, devoting a discrete, substantial portion of his brief to that issue, or the issue will be considered abandoned. *United States v. Jernigan*, 341 F.3d 1273, 1283 & n.8 (11th Cir. 2003).

A defendant may withdraw his guilty plea before sentencing if he can show a "fair and just" reason for the withdrawal. *Id.*; Fed. R. Crim. P. 11(d)(2)(B). We determine whether the reason is fair and just by considering the totality of the circumstances surrounding the plea, specifically inquiring into whether (1) the defendant had close assistance of counsel, (2) the plea was knowing and voluntary, (3) judicial resources would be conserved if the defendant were permitted to withdraw his guilty plea, and (4) the government would be prejudiced if the withdrawal was granted. *Brehm*, 442 F.3d at 1298.

Within the preceding inquiry, we leave it to the discretion of the district court to assess the good faith, credibility, and weight of the defendant's assertions in support of his motion. *Id.* Once the court determines that the defendant received close assistance of counsel and entered a knowing and voluntary plea, the third and fourth factors are not given considerable weight. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987). There is a strong presumption that the defendant's statements during a plea colloquy are true. *Id.* at 800 n.8.

Here, the district court did not abuse its discretion in denying Williams's motion to withdraw his guilty plea. *Brehm*, 442 F.3d at 1298. First, the record shows that Williams received close

assistance of counsel. *Id.* Further, to the extent Williams does not challenge the district court's determinations as to the remaining three factors now on appeal, any argument in those respects is abandoned. *Jernigan*, 341 F.3d at 1283 & n.8. In any event, the record also supports the district court's findings in this regard, including how Williams's guilty plea was knowing and voluntary. *Brehm*, 442 F.3d at 1298. Thus, we affirm in this respect as well.

**AFFIRMED.**